**CATARINA M. BENITEZ SBN 256518**
**BENITEZ LAW FIRM P.C.**
475 Bullard Avenue
Clovis, CA 93612
Telephone: (559) 472-7337
Facsimile: (559) 579-1100

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

RONALD OSBURN, an individual, and
SADIE OSBURN, an individual,

        Plaintiffs,

v.

ONEWEST BANK, A DIVISION OF CIT
BANK, N.A. (A/K/A CIT BANK, N.A.),
DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR
INDYMAC INDX 2006-AR11; OCWEN
LOAN SERVICING LLC.; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., WESTERN
PROGRESSIVE, LLC and DOES 1 through
150, inclusive,

        Defendants.

Case No.

**COMPLAINT FOR**

1. **FRAUD**
2. **WRONGFUL FORECLOSURE**
3. **QUIET TITLE**
4. **VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT - 12 U.S.C. §2605**
5. **CANCELLATION OF INSTRUMENTS**
6. **NEGLIGENT MISREPRESENTATION**
7. **BREACH OF CONTRACT**
8. **VIOLATION OF THE TRUTH IN LENDING ACT - 15 U.S.C. §1638**
9. **UNFAIR BUSINESS PRACTICES - California Business and Professions Code § 17200**

**JURY TRIAL REQUESTED**

Plaintiffs RONALD OSBURN and SADIE OSBURN (or collectively referred to as

"Plaintiffs") hereby bring a Complaint against Defendants ONEWEST BANK, A DIVISION

-1-

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

OF CIT BANK, N.A. (A/K/A CIT BANK, N.A.), (hereinafter referred to as "ONEWEST"),
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR INDYMAC
INDX 2006-AR11 (hereinafter referred to as "DEUTSCHE BANK"); OCWEN LOAN
SERVICING LLC. (hereinafter referred to as "OCWEN"); MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. (hereinafter referred to as "MERS"), WESTERN
PROGRESSIVE, LLC (hereinafter referred to as "WESTERN") and DOES 1 through 150,
inclusive for causes of action alleged as follows:

## PARTIES

1.      Plaintiffs, RONALD OSBURN and SADIE OSBURN are now, and at all
times relevant to this action is and was residents of the county of Tulare, State of California.
At all times relevant to this action, Plaintiffs have owned real property commonly known as
4523 West Evergreen Court Visalia, California (the "Property" or "the subject property").

2.      Plaintiffs are informed and believe and upon such information and belief
allege that Defendant, ONE WEST ONEWEST BANK FSB, A DIVISION OF CIT BANK,
N.A. (A/K/A CIT BANK, N.A.), hereinafter referred to as "ONE WEST" is a division of Cit
Group National Association, which is a subsidiary of CIT Group Inc., with its headquarters
located at 75 North Fair Oaks Avenue Pasadena, CA 91103. Plaintiffs believe and hereby
allege that at all times herein mentioned, ONE WEST was conducting business as a member
of the National Banking Association, and at all times herein was conducting intrastate
business in the State of California, and claims and claims to be either a nominee and/or
beneficiary, under the deed of trust executed by Plaintiffs.

3.      On information and belief, Defendant OCWEN LOAN SERVICING, LLC is
a Delaware limited liability corporation and an indirect wholly owned subsidiary of Ocwen
Financial Corporation, licensed to service mortgage loans in all 50 states, the District of
Columbia and two U.S. territories. Plaintiffs believe and hereby allege that its California
agent for service of process is Corporation Service Company, 2710 Gateway Oaks Drive,
Suite 150N Sacramento, California 95833-3505. OCWEN LOAN SERVICING, LLC claims
to have acquired the servicing rights of Indymac Bank FSB.

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

4.      On information and belief, Plaintiff alleges that Defendant DEUTSCHE BANK is a private company categorized under Banks for Cooperatives, with an office located at 1761 E. St. Andrew Place in Santa Ana, California, and is doing business in the state of California. Agent for service of process is known to Plaintiff at its Santa Ana location. In this matter, Defendant DEUTSCHE BANK purportedly serves as the trustee for the INDYMAC INDX 2006-AR11 trust.

5.      Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") is a Delaware Corporation headquartered in Virginia, doing business in California through its subsidiary MERS, Inc. a Delaware Corporation.  The agent for service of process in Virginia is Sharon Horstkamp, 1818 Library Street, STE 300, Reston, VA, 20190-0000. MERS served as the purported beneficiary in Plaintiffs' loan.

6.      On information and belief, Defendant WESTERN is a Limited Liability Corporation. Plaintiff believes and hereby alleges that its agent for service of is CT Corporation System, corporation file number C0168406. Their mailing address is 818 West Seventh Street, Suite 930 Los Angeles, California 90017. Plaintiffs are of the belief that WESTERN is the alleged trustee in this matter.

7.      Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 150 inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

8.      Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, each of defendants sued herein was the agent, employee, assignee, predecessor or successor in interest of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and/or employment.

9.      Whenever in this Complaint an act or omission of a corporation or business entity is alleged, the said allegation shall be deemed to mean and include an allegation that the corporation or business entity acted or omitted to act through its authorized officers, directors, agents, servants, and/or employees, acting within the course and scope of their

-3-

1  duties, that the act or omission was authorized by corporate managerial officers or directors,

2  and that the act or omission was ratified by the officers and directors of the corporation.

3  ## JURISDICTION AND VENUE

4  10.  At all times herein mentioned Plaintiffs were, and now are natural persons,

5  residing in the city of Visalia, Tulare County California.

6  11.  Jurisdiction of the subject matter in this Court is proper because the cause of

7  action herein arose in Tulare County, California by virtue of a mortgage loan which concerns

8  the Plaintiffs' primary residential real estate which is located at 4523 West Evergreen Court,

9  Visalia, CA 93277, Assessor's Parcel Number 119-580-010 (hereinafter referred to as "the

10 Subject Property").

11  12.  Venue of this action is proper within this Court as at least one named

12 Defendant is subject to suit within this Court, and thus all Defendants are properly sued in

13 this Court.

14  13.  The transactions and events which are the subject matter of this Complaint all

15 occurred in the County of Tulare, State of California.

16 ## JURY TRIAL DEMAND

17  14.  Plaintiffs request a jury trial on all issues in this matter.

18 ## NATURE OF THE ACTION

19  15.  This case arises out of Defendant's breaches of their obligations as lender and

20 loan servicer, and Defendant's actions made in bad faith, which have lead to the initiation of

21 foreclosure proceedings.

22 ## GENERAL ALLEGATIONS

23  16.  In or about January, 2005, Plaintiffs purchased the subject property from

24 Evert Dixon and Raquel Dixon for themselves and their family. The Beneficiary and Trustee

25 at that time was America's Wholesale Lender, and Plaintiffs had monthly payments of

26 $1584.86. Plaintiffs made all payments in a timely manner. A Grant Deed and Deed of Trust

27 were recorded on January 14, 2005. A Second Deed of Trust was also recorded for the

28 remaining loan balance. (A true and correct copy of the January 2005 Grant Deed and Both

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

-4-

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

1  2005 Deeds of Trust are attached hereto as "Exhibit 1".)

2  17. On or about February 16, 2005, a Substitution of Trustee and Full

3  Reconveyance were recorded, however, it erroneously listed Countrywide Home Loans Inc.

4  as the beneficiary, and then attempted to substitute Recon Trust Company N.A. (A true and

5  correct copy of the February 2005 Substitution is attached hereto as "Exhibit 2".)

6  18. On or about March 25, 2005, two months after the subject property was

7  granted to Plaintiffs, a Substitution of Trustee was recorded. In that substitution, the Dixon's

8  were still listed as the beneficiaries under a 2003 Deed of Trust even though they had given

9  up their legal interest in the property in January, 2005. (A true and correct copy of the March

10  2005 Substitution is attached hereto as "Exhibit 3".)

11  19. On or about September 7, 2005, a Corporate Assignment of Deed of Trust was

12  recorded, purporting to assign all beneficial interest from the 2003 Deed of Trust, executed

13  by the Dixon's, to CitiMortgage Inc. Again, by this date, the subject property had already

14  been transferred to Plaintiffs. (A true and correct copy of the September 2005 Assignment is

15  attached hereto as "Exhibit 4".)

16  20. In or about February, 2006, Plaintiffs re-financed the subject property with

17  Home Loan Center Inc. dba Lendingtree Loans. Both Plaintiffs signed the re-finance

18  paperwork, including the Note and Deed of Trust.

19  21. On or about March 7, 2006, a Substitution of Trustee and Full Reconveyance

20  was recorded, listing MERS as the beneficiary, and substituting ReconTrust Company N.A.

21  as the new Trustee. (A true and correct copy of the March 2006 Substitution is attached

22  hereto as "Exhibit 5".)

23  22. On or about March 17, 2006, a Fixed/Adjustable Rate Note was executed by

24  Plaintiffs, with the Lender named as IndyMac Bank, F.S.B. Although both Plaintiffs

25  executed the original Note, when a copy of the Note was requested, it only bore the signature

26  of Plaintiff RONALD (Ron) OSBURN. (A true and correct copy of the March 2006 Note is

27  attached hereto as "Exhibit 6".)

28  23. On or about March 17, 2006, Plaintiffs executed a Deed of Trust in the

-5-

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

amount of $348,400.00, listing the Lender as Indymac Bank FSB, the trustee as Transnation Title Insurance Company, and the beneficiary as MERS. The loan was a thirty (30) variable interest rate loan, with monthly payments (at that time) in the amount of $2178.88. Plaintiffs made all payments in a timely manner. (A true and correct copy of the March 2006 Deed of Trust is attached hereto as "Exhibit 7".)

24.     Upon information and belief, Plaintiffs began making regular mortgage payments of approximately $2178.68.00 per month beginning in or about 2006.

25.     The Deed of Trust dated March 17, 2006 included grounds for acceleration of the loan, and provides that the *Lender* shall give notice prior to acceleration of the loan, and stated that the Lender had the power to sell the property in the event of a default. At that time, the Lender was listed as IndyMac Bank, F.S.B.

26.     On or about March 27, 2006, a Deed of Trust with a secondary lien was recorded, as a result of a second mortgage. The Deed of Trust listed a balance of $87,100.00.

27.     On May 2, 2006, a Substitution of Trustee and Full Reconveyance was recorded, listing the "original" beneficiary as Home Loan Center, Inc. dba Lendingtree Loans. (A true and correct copy of the May 2006 Substitution is attached hereto as "Exhibit 8".)

28.     In or about 2011, Plaintiffs received a loan modification from IndyMac Bank F.S.B. The payments at that time were $880.00 per month.

29.     On June 26, 2012, a Substitution of Trustee and Full Reconveyance was recorded to provide that the indebtedness was paid off and to indicate a transfer of the Trustee of the second Deed of Trust to MERS as nominee for ONEWEST. (A true and correct copy of the June 2012 Substitution is attached hereto as "Exhibit 9".) Plaintiffs do not know when ONEWEST became involved with their loan.

30.     On March 28, 2014, a Substitution of Trustee and Full Reconveyance was recorded to provide that the indebtedness on the second loan was satisfied in full. (A true and correct copy of the March 2014 Substitution is attached hereto as "Exhibit 10".)

31.     On or about January 18, 2017, a Corporate Assignment of Deed of Trust was

1    recorded, executed January 9, 2017, listing MERS as the nominee for IndyMac Bank FSB,

2    which thereafter purported to assign all interest under the March 17, 2006 Deed of Trust to

3    Deutsche Bank as Trustee for IndyMac INDX Mortgage Loan Trust 2006-AR11 Mortgage

4    Pass Through Certificates Series 2006-AR11. (A true and correct copy of the 2017 Corporate

5    Assignment is attached hereto as "Exhibit 11".)

6        32.    Plaintiffs are uninformed as to how INDYMAC INDX 2006-AR11 acquired

7    their mortgage, as Plaintiffs never received notification about their then lender and loan

8    servicer.

9        33.    On or about October 16, 2013, Plaintiffs received a "Notice of Servicing

10   Transfer" which stated that IndyMac Mortgage Services would transfer the mortgage loan

11   servicing rights to OCWEN.

12       34.    In or about 2016, after OCWEN was servicing the loan, Plaintiffs noticed that

13   their mortgage payments were increasing and decreasing without an explanation by

14   OCWEN. During that same year, after contacting OCWEN about the payment fluctuation,

15   they were informed that they could not speak with any OCWEN representatives because

16   there was an "Automatic Stay" in effect as a result of their having filed Bankruptcy. Plaintiffs

17   did not file Bankruptcy during that year, or in any year prior to that date.

18       35.    After continued communications with OCWEN in 2016, OCWEN eventually

19   shut down Plaintiffs' mortgage account, and prevented them from having access to their

20   account, which means that they were prevented from making inquiries about the

21   misapplication of payments, and were prevented from making payments toward their loan.

22       36.    In or about March, 2017, Plaintiffs received a Notice of Default from Western

23   Progressive, LLC, but they had no idea why Western Progressive, LLC was involved. The

24   Notice of Trustee's Sale is attached as "Exhibit 12" and incorporated hereto by reference.

25       37.    From March 20, 2017 through June 29, 2017 Plaintiffs received

26   approximately sixty (60) copies of a Notice of Trustee's Sale, indicating Defendant's intent to

27   foreclose. Defendant WESTERN caused a Notice of Trustee's Sale to be recorded on June

28

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

29, 2017. The sale is set for March 27, 2018. The Notice of Trustee's Sale is attached as "Exhibit 13" and incorporated hereto by reference.

38.   Plaintiffs believe and hereby contend that they continue to face irreparable harm as a result of Defendants' failure to rectify the transfer issues, as they, and their children, have close to thirteen (13) years of time, family memories, and items stored in their home. The potential foreclosure of Plaintiffs' home has damaged their credit, and ruined their reputation within the community.

## ALLEGATIONS REGARDING THE TRUST

39.   Plaintiffs are informed and believe and thereon alleges that the INDYMAC INDX 2006-AR 11 Trust ("The Trust") issued the investment bonds in the mortgage-backed Trust identified herein.  Said securities were underwritten by Indymac Bank F.S.B.  Plaintiffs allege that these securities were duly registered with the Securities and Exchange Commission ("SEC") on a registration statement bearing file number 333-132042. The registration statement and other reports and information regarding the Trustee are available at the SEC's Internet site at http://www.sec.gov.  The materials are also available to read and copy at the SEC's Public Reference Room at 100 F. Street, N.E., Washington, D.C. 20549.

40.   In the Assignment of the Deed of Trust attached hereto as Exhibit "11", MERS is listed as the nominee for Indymac Bank F.S.B, the alleged beneficiary, and is listed as the holder and owner of the Note and the beneficiary of the Deed of Trust. The Note and Deed of Trust executed by Plaintiffs on March 17, 2006 identify the beneficiary as MERS.

41.   Plaintiffs further believe and upon such belief allege that the Note, dated March 17, 2006, was not duly endorsed, transferred and delivered to anyone after its initial date of execution, and was never duly endorsed, transferred, and delivered to the Trust prior to the Closing Date of the Trust, which was April 27, 2006.

42.   In or about March, 2009, a Loan Sale Agreement was created by and between the Federal Deposit Insurance Corporation as Receiver for Indymac Federal Bank, FSB and ONEWEST. The sale included "all Loans identified in the loan schedule, purportedly attached to the Loan Sale Agreement as "Exhibit A", endorsed without recourse on a

-8-

1  servicing related basis". (A true and correct copy of the Loan Sale Agreement is attached

2  hereto as "Exhibit 13".) Despite this purported loan sale agreement, transfers to or from

3  ONEWEST were never made. (The Loan Sale Agreement is attached as "Exhibit 14")

4       43.    Pursuant to the Prospectus of the Pooling and Servicing Agreement on file in

5  this action, "Pursuant to the pooling and servicing agreement, on the closing date, the

6  depositor will assign without recourse to the trustee in trust for the benefit of the certificate

7  holders all interest of the depositor in each Mortgage Loan and all interest in all other assets

8  included in IndyMac INDX Mortgage Loan Trust 2006-AR11. ...In connection with the

9  assignment of the Mortgage Loans, the depositor will deliver or cause to be delivered to the

10  trustee the mortgage file, which contains among other things, the original mortgage note (and

11  any modification or amendment to it) *endorsed in blank without recourse*, ... an assignment

12  in recordable form of the mortgage, ...and, if applicable, all recorded intervening

13  assignments of the mortgage and any riders or modifications to the mortgage note and

14  mortgage ..." Plaintiffs allege that this was not done. (See Pooling and Servicing Agreement,

15  attached hereto as "Exhibit 16")

16       44.    Plaintiffs are informed and believe and thereon allege that the Note in this

17  case was never actually transferred or delivered to the Depositor and by the Depositor to the

18  Custodian on behalf of the Trustee for the Trust prior to the closing date of April 27, 2006.

19  Accordingly, Plaintiffs allege that the Note in this case was never lawfully negotiated and

20  physically delivered to the Trust.

21       45.    Based upon information and belief, the 2017 Assignment of the Deed of Trust

22  did not occur by April 27, 2006, and was not recorded until January 18, 2017, long after the

23  Trust had closed.  Said Assignment was ineffective as the Trust could not have accepted the

24  Deed of Trust after the Closing Date pursuant to the PSA and the requirements for a REMIC

25  Trust.  If the assignment was made after the closing date, the non-compliance with the

26  REMIC statutes would terminate the trust by extinguishing its tax exempt status under the

27  REMIC statutes.

28

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

46.     Plaintiffs further believe and upon such belief contend that Defendants misrepresented and/or concealed the true facts regarding the transfer of Plaintiffs' Note and Deed of Trust dated March 17, 2006 by assigning the Deed of Trust into the Trust Series INDYMAC INDX 2006-AR11 after the closing date.

47.     Plaintiffs are further informed and believe and thereon alleges that the Note in this case was never actually transferred or delivered to the Depositor and by the Depositor to the Custodian on behalf of the Trustee for the Trust prior to the closing date, or at all.

48.     Based upon information and belief, the Assignment of the Deed of Trust did not occur by April 27, 2006, but rather on January 18, 2017, long after the Trust had closed. Said Assignment was ineffective as the Trust could not have accepted the Deed of Trust after the Closing Date pursuant to the PSA and the requirements for a REMIC Trust, thereby rendering the foreclosure of the Subject Property, as well as the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed Upon Sale, void ab initio.

49.     Plaintiffs believe and upon such belief contends that Defendants, and each of them, acted with the intent to defraud Plaintiffs and the public regarding the status of Plaintiffs' Note. Defendants, and each of them, also knew that the act of recording the Assignment of Deed of trust without the authorization to do so would cause Plaintiffs to rely upon Defendants' actions by attempting to negotiate a loan modification or make payments to IndyMac Bank, DEUTSCHE BANK, or OCWEN.

50.     Plaintiffs believe and upon such beliefs contend that because the attempt to assign the Deed of Trust was made after the closing date of the Pooling and Servicing Agreement, these named Defendants have committed fraud not only upon Plaintiff, but other financially interested parties as well.

51.     Defendants intentionally mislead Plaintiffs and engaged in material omissions by failing to disclose to Plaintiffs the true facts, including the fact that Defendants conducted a non-judicial foreclosure sale without any right under the law by assigning the Deed of Trust after the date allowed pursuant to the Pooling and Servicing Agreement of the INDYMAC INDX 2006-AR11.

52.     Under the totality of the circumstances, the Defendants' actions were willful, wanton, intentional, and with callous and reckless disregard for Plaintiff's rights, justifying an award of not only actually compensatory damages but also exemplary punitive damages to serve as a deterrent not only as to future conduct of the name Defendants herein, but also to other persons or entities with similar inclinations.

## FIRST CAUSE OF ACTION

### (Fraud - Against Defendant ONEWEST, DEUTSCHE BANK; OCWEN; MERS., and DOES 1 through 75)

53.     Plaintiffs hereby incorporate Paragraphs 1 through 42 as if the same were fully set forth herein.

54.     Fraud occurs where: there is an affirmative misrepresentation, concealment of a known fact, or a "half-truth", or suppression of a fact by a party obligated to disclose such information which information is likely to mislead the party receiving the information.

55.     Fraud also occurs where a defendant makes an untrue representation of a material fact without a reasonable ground for its truth or in a manner not warranted by the available information. Such representation must be made with the intent that Plaintiffs would rely and do rely, and where such reliance causes Plaintiffs' harm.

56.     Plaintiffs are informed and believe and thereon alleges that the Trust issued the investment bonds in the mortgage-backed Trust identified herein. Said securities were underwritten by Indymac Bank FSB. Plaintiffs allege that these securities were duly registered with the Securities and Exchange Commission ("SEC") on a registration statement bearing file number 333-132042.

57.     In the Assignment of the Deed of Trust attached hereto as Exhibit "11", MERS is listed as the nominee for Indymac Bank F.S.B, the alleged beneficiary, and is listed as the holder and owner of the Note and the beneficiary of the Deed of Trust. The Note and Deed of Trust executed by Plaintiffs on March 17, 2006 identify the beneficiary as MERS.

58.     Plaintiffs believe and upon such belief allege that the Note, dated March 17, 2006, was not duly endorsed, transferred and delivered to anyone after its initial date of

-11-

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

execution, and was never duly endorsed, transferred, and delivered to the Trust prior to the Closing Date of the Trust, which was April 27, 2006. The Note itself provides an allonge with payment to the order of, Without Recourse, Indymac Bank F.S.B. There were no additional endorsements on the Note provided and the Note itself, per the copy released by OCWEN, the signature of Plaintiff, SADIE OSBURN was removed.

59.     Plaintiffs further believe and upon such belief contend that Defendants, and each of them, misrepresented and/or concealed the true facts regarding ONE WEST's involvement with Plaintiffs' mortgage, as it was never a party to their loan, and did not receive any rights which would have enabled them to transfer any interest in the subject loan.

60.     Pursuant to the Prospectus of the Pooling and Servicing Agreement on file in this action, "Pursuant to the pooling and servicing agreement, on the closing date, the depositor will assign without recourse to the trustee in trust for the benefit of the certificate holders all interest of the depositor in each Mortgage Loan and all interest in all other assets included in IndyMac INDX Mortgage Loan Trust 2006-AR11. ...In connection with the assignment of the Mortgage Loans, the depositor will deliver or cause to be delivered to the trustee the mortgage file, which contains among other things, the original mortgage note (and any modification or amendment to it) *endorsed in blank without recourse*, ... an assignment in recordable form of the mortgage, ...and, if applicable, all recorded intervening assignments of the mortgage and any riders or modifications to the mortgage note and mortgage ..." Plaintiffs allege that this was not done.

61.     Plaintiffs are informed and believe and thereon allege that the Note in this case was never actually transferred or delivered by the Depositor to the Custodian on behalf of the Trustee for the Trust prior to the closing date of April 27, 2006. Accordingly, Plaintiffs allege that the Note in this case was never lawfully negotiated and physically delivered to the Trust.

62.     Plaintiffs further believe and upon such belief contend that Defendants misrepresented and/or concealed the true facts regarding the transfer of Plaintiffs' Note and

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

-12-

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

Deed of Trust dated March 17, 2006 by assigning the Deed of Trust into the Trust Series INDYMAC INDX 2006-AR11 after the closing date.

63.     Additionally, based upon information and belief, the Assignment of the Deed of Trust did not occur by April 27, 2006, but rather on January 18, 2017, long after the Trust had closed.  Said Assignment was ineffective as the Trust could not have accepted the Deed of Trust after the Closing Date pursuant to the PSA and the requirements for a REMIC Trust, thereby rendering the foreclosure of the Subject Property, as well as the Notice of Default and the Notices of Trustee's Sale, void ab initio.

64.     Plaintiffs believe and upon such belief contend that Section 2.01 of the Pooling and Servicing Agreement requires the Seller to transfer to the Depositor, without recourse, all interest of the seller of the Mortgage Loans. Within this same section, the Depositor was to deliver to the Trustee the original Mortgage Note, endorsed in blank, with the phrase *"Pay to the order of _____ _____ without recourse,"* with all intervening endorsements showing a complete chain of endorsement from the originator to the Person endorsing the Mortgage Note (each endorsement being sufficient to transfer all interest of the party so endorsing, as noteholder or assignee thereof, in that Mortgage Note) or a lost note affidavit for any Lost Mortgage Note from the Seller stating that the original Mortgage Note was lost or destroyed, together with a copy of the Mortgage Note". Plaintiffs believe and hereby contend that their mortgage loan was never transferred to the Depositor, and that the Depositor never delivered the original Mortgage Note to the Trustee was required by the terms of the Pooling and Servicing Agreement. Not only do the Plaintiffs have a copy of their original note, which contain no blank endorsements, the Assignment of Deed of Trust, purportedly assigning all beneficial interest in the Note, was not recorded until eleven years after the trust's closing date. Thus, any such attempted transfers are void ab initio.

65.     Plaintiffs believe and upon such belief contends that Defendants, and each of them, acted with the intent to defraud Plaintiffs and the public regarding the status of Plaintiffs' Note. Defendants, and each of them, also knew that the act of recording the

-13-

1   Assignment of Deed of trust without the authorization to do so would cause Plaintiffs to rely

2   upon Defendants' actions by attempting to negotiate a loan modification or make payments

3   to IndyMac Bank FSB, DEUTSCHE BANK, or OCWEN.

4       66.   Plaintiffs believe and upon such beliefs contend that because the attempt to

5   assign the Deed of Trust was made after the closing date of the Pooling and Servicing

6   Agreement, these named Defendants have committed fraud not only upon Plaintiff, but other

7   financially interested parties as well.

8       67.   Defendants intentionally mislead Plaintiffs and engaged in material

9   omissions by failing to disclose to Plaintiffs the true facts, including the fact that Defendants

10  conducted a non-judicial foreclosure sale without any right under the law by assigning the

11  Deed of Trust after the date allowed pursuant to the Pooling and Servicing Agreement of the

12  INDYMAC INDX 2006-AR11.

13      68.   Plaintiffs hereby allege and believe that Defendants are not holders in

14  possession of the instruments who have the rights of holders in due course, and none of these

15  Defendants is entitled to enforce the instruments to follow through with a trustee's sale of

16  Plaintiffs' home.

17      69.   Under the totality of the circumstances, the Defendants' actions were willful,

18  wanton, intentional, and with callous and reckless disregard for Plaintiff's rights, justifying

19  an award of not only actually compensatory damages but also exemplary punitive damages to

20  serve as a deterrent not only as to future conduct of the name Defendants herein, but also to

21  other persons or entities with similar inclinations.

22                          **SECOND CAUSE OF ACTION**

23                   **(Wrongful Foreclosure - Against All Defendants)**

24      70.   Plaintiffs hereby incorporates by reference paragraphs 1 through 50 as if the

25  same were fully set forth herein.

26      71.   In or about January, 2005, Plaintiffs purchased the subject property from

27  Evert Dixon and Raquel Dixon for themselves and their family. The Beneficiary and Trustee

28  at that time was America's Wholesale Lender, and Plaintiffs had monthly payments of

-14-

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

1    $1584.86. Plaintiffs made all payments in a timely manner. A Grant Deed and Deed of Trust

2    were recorded on January 14, 2005.

3         72.    On or about March 17, 2006, Plaintiffs refinanced the property and executed a

4    Deed of Trust in the amount of $348,400.00, listing the Lender as Indymac Bank FSB,  the

5    trustee as Transnation Title Insurance Company, and the beneficiary as MERS. The loan was

6    a thirty (30) variable interest rate loan, with monthly payments (at that time) in the amount of

7    $2178.88. Plaintiffs made all payments in a timely manner.

8         73.    A power of sale may be invoked by the Lender or Trustee pursuant to

9    California Civil Code Section 2924. As set forth in Plaintiffs' 2006 Note and 2006 Deed of

10    Trust, the "Lender" was IndyMac Bank, F.S.B. and the "Trustee" was Transnation Title

11    Insurance Company. Pursuant to paragraph 22 of the Deed of Trust, only the Lender is

12    authorized to accelerate the loan, stating:

13    "Lender shall give notice to Borrower prior to acceleration following

14    Borrower's breach of any covenant or agreement in this Security Instrument…"

15    "If Lender invokes the power of sale, Lender shall execute or cause

16    Trustee to execute a written notice of the [sic] occurrence of and event of default

17    and of Lender's election to cause the Property to be sold…"

18         74.    Plaintiffs believe and upon such believe allege that the Corporate Assignment

19    of Deed of Trust was recorded, executed January 9, 2017, listing MERS as the nominee for

20    IndyMac Bank FSB, which thereafter purported to assign all interest under the March 17,

21    2006 Deed of Trust to Deutsche Bank as Trustee for IndyMac INDX Mortgage Loan Trust

22    2006-AR11 Mortgage Pass Through Certificates Series 2006-AR11 did not actually assign

23    any interest under the 2006, Deed of Trust, as MERS, at that time, had no interest to assign.

24         75.    Plaintiffs further allege that Defendants, and each of them, failed to provide

25    the Trust with an endorsement of the Note prior to the Closing Date of the Trust. Plaintiffs

26    hereby allege that the Trust did not have standing to foreclose on the Subject Property, as

27    Defendants cannot provide the entire chain of title of the note and the mortgage.

28         76.    Plaintiffs believe and upon such belief contend that Section 2.01 of the

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

Pooling and Servicing Agreement requires the Seller to transfer to the Depositor, without recourse, all interest of the seller of the Mortgage Loans. Within this same section, the Depositor was to deliver to the Trustee the original Mortgage Note, endorsed in blank, with the phrase *"Pay to the order of _____ _____without recourse,"* with all intervening endorsements showing a complete chain of endorsement from the originator to the Person endorsing the Mortgage Note (each endorsement being sufficient to transfer all interest of the party so endorsing, as noteholder or assignee thereof, in that Mortgage Note) or a lost note affidavit for any Lost Mortgage Note from the Seller stating that the original Mortgage Note was lost or destroyed, together with a copy of the Mortgage Note". Plaintiffs believe and hereby contend that their mortgage loan was never transferred to the Depositor, and that the Depositor never delivered the original Mortgage Note to the Trustee was required by the terms of the Pooling and Servicing Agreement. Not only do the Plaintiffs have a copy of their original note, which contain no blank endorsements, the Assignment of Deed of Trust, purportedly assigning all beneficial interest in the Note, was not recorded until eleven years after the trust's closing date. Thus, any such attempted transfers are void ab initio.

77.    Plaintiffs further believe and upon such belief contend that Defendants cannot prove that the trust held Plaintiffs' loan, nor can they prove that the trust, which had a cut-off date of April 1, 2006, had an ownership interest in Plaintiff's Deed of Trust, as the documents recorded with the Tulare County Recorder's Office indicate that Plaintiffs' loan was not assigned to the trust until 2017, approximately eleven years after the trust closed, thereby rendering the assignment void and preventing any trustee's sale from moving forward.

78.    As a result of the above-described breaches and wrongful conduct by Defendants, Plaintiffs have suffered general and special damages in an amount according to proof at trial, but no less than $1,000,000.

///

///

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

### THIRD CAUSE OF ACTION

### (Quiet Title – Against All Defendants )

79.     Plaintiff hereby re-alleges and re-states all previous paragraphs and each and every part thereof with the same force and effect as though fully set out herein.

80.     Plaintiffs are and at all times mentioned were, entitled to possession of the property located at 4523 West Evergreen Court Visalia, California 93277, Assessor's Parcel Number 119-580-010, described as "Lot 10 of Brookside Estates, Unit No. 1, in the city of Visalia, County of Tulare, State of California, according to the map thereof recorded in Book 38, Page 7 of maps, Tulare County records.

81.     Plaintiffs seeks to quiet title against the claims of DEUTSCHE BANK, OCWEN, MERS, and anyone else claiming an interest in the property.  DEUTSCHE BANK, OCWEN, MERS, and any successors or assignees have no right to title or interest in the property and no right to entertain any rights of ownership including rights of possession.

82.     Plaintiff seeks to quiet title as of March 20, 2017. Plaintiff believe and upon such belief contend that the Notice of Default recorded on March 20, 2017 was void pursuant to the failure to properly endorse the loan, failure to transfer the loan, and the modification of signatures on the Note during the attempted loan transfer process.

83.     Plaintiffs seek a judicial declaration that the title to the Subject Property is vested in Plaintiffs alone and that Defendants and each of them be declared to have no interest estate, right, title or interest in the Subject Property and that Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property.

84.     Plaintiffs believe and upon this belief alleges that Defendants, and each of them, failed to acquire any legal ownership or interest in the Subject Property on the date of the Notice of Default was recorded. Plaintiffs further allege that the Assignment of Deed of Trust recorded January 18, 2017 and Notice of Default were utilized to facilitate a Trustee's Sale of the subject property. Plaintiffs further believe and upon such belief allege that Defendants, and each of them, allegedly obtained the Subject Property through fraud and

-17-

1   wrongful conduct, and failed to adhere to the strict statutory requirements to effectuate the

2   foreclosure sale of the Subject Property. Thus, the foreclosure sale was void and invalid.

3   Therefore, Plaintiff brings this action to restore title to the true owner – Plaintiffs.

4       85.   Plaintiffs additionally allege that due to the fraud of Defendants, and each of

5   them, title to the subject property has been rendered unmarketable in that these Defendants,

6   and their assigns, have caused to be recorded as against the subject property documents

7   which have clouded Plaintiffs' title thereto.

8       86.   Accordingly, the Court should rule that the Subject Property remains

9   Plaintiffs' property and award consequential damages as proven at trial, but not less than

10   $1,000,000.

11   **FOURTH CAUSE OF ACTION**

12   **(RESPA Violations for the Servicing of Mortgage Loans and Administration of**

13   **Escrow Accounts – Against Defendant OCWEN and DOES 76-100)**

14       87.   Plaintiffs restate, reallege, and incorporate herein by reference, paragraphs 1-

15   50, as if fully set forth herein.

16       88.   Defendant OCWEN is the loan servicer of a "federally related mortgage loan"

17   as defined in 12 United States Code, Section 2605.

18       89.   Pursuant to 12 U.S. Code 2605, "if any servicer of a federally related

19   mortgage loan receives a qualified written request from the borrower (or an agent of the

20   borrower) for information relating to the servicing of such loan, the servicer shall provide a

21   written response acknowledging receipt of the correspondence within 5 days (excluding legal

22   public holidays, Saturdays, and Sundays) unless the action requested is taken within such

23   period.

24       90.   On or about November 26, 2017, a Qualified Written Request was provided

25   via Federal Express to OCWEN. The written request was not acknowledged within five days

26   of receipt. Furthermore, when Plaintiffs inquired of Ocwen about the Qualified Written

27   Request, they were notified that such request had never been received.

28

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

-18-

91.     Pursuant to Section 2605(f) of Title 12 of the United States Code, and section 3500.21(f) of Reg.X, Plaintiffs may recover actual damages and any additional damages as the court may allow, in an amount not to exceed $2,000.

92.     Defendant OCWEN is, by definition, a loan servicer and Plaintiffs' lender, pursuant to 12 U.S.C. §2605(i)(2).

93.     Here, Defendant OCWEN exercised a pattern of systematically and continuously violating the provisions of RESPA, enacted in January, 2014, by failing to respond to Plaintiffs' qualified written request and failing to acknowledge receipt, despite it having been sent to them via Federal Express.

94.     As a result of Defendant's pattern or practice of noncompliance as they relate to the RESPA requirements, Plaintiffs, and those similarly situated to Plaintiffs, suffered statutory and actual damages, for which they are entitled to recover, in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION

### (Cancellation of Instrument(s) – SOT, NOD, Assignment of DOT, NOTS)

### (Against All Defendants)

95.     Plaintiffs hereby incorporate by reference paragraphs 1 through 50 as if the same were fully set forth herein.

96.     On or about March 13, 2017, A Notice of Default was executed, stating that the mortgage servicer was DEUTSCHE BANK as Trustee for INDYMAC INDX MORTGAGE LOPAN TRUST 2006-AR11, MORTGAGE PASS THROUGH CERTIFICATES, Series 2006-AR11, by Ocwen Loan Servicing, LLC, as its attorney in fact.

97.     Plaintiffs believe that there is in existence a certain written instrument which purports to be a Notice of Default. The form and contents of the Notice of Default contain statements that the trustee is DEUTSCHE BANK. A true and correct copy of the said written instrument is attached hereto and incorporated herein by reference as Exhibit 10.

98.     Plaintiffs believe and upon such belief contends that there cannot be a valid transfer of interest in the subject real property to any of the alleged beneficiaries and the

-19-

current foreclosing trustee does not have a valid right to foreclose based upon the fraudulent, void 2017 Assignment of Deed of Trust and/or the fraudulent, void 2017 Notice of Trustee's Sale.

99.    If the Notice of Default and Notice of Trustee's Sale are left outstanding, plaintiffs may be required to pay it or to defend a lawsuit based on it, and by refusing to pay it, plaintiffs will suffer damage to their credit, and will lose their family home.

100.    Plaintiffs therefore seeks cancellation of the following recorded instruments: (a) Notice of Default, document number 2017-0015219, (b) Notice of Trustee's Sale, document number 2017-0037444 and (c) Assignment of Deed of Trust, document number 2017-0002685 since all such deeds, notices, and assignments are void as based on void instruments.

101.    By virtue of Defendants' willful and wrongful conduct as herein alleged above, Plaintiff is entitled to general and special damages according to proof at trial, but not less than $1,000,000, as well as punitive and exemplary damages as determined by this Court.

## SIXTH CAUSE OF ACTION

### (Negligent Misrepresentation – Against MERS, OCWEN,  DEUTSCHE BANK, and DOES 76-100)

102.    Plaintiffs hereby incorporate Paragraphs 1 through 50 as if the same were fully set forth herein.

103.    The elements of negligent misrepresentation are (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage.

104.    Beginning in or about January 18, 2017, MERS and OCWEN represented that it retained the rights as the beneficiary and the recipient of all interest under the March 17, 2006 Deed of Trust. Neither Defendant had reason to believe the or right to assign the

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

-20-

1   interest under the March 17, 2006 Deed of Trust, as the loan had not been transferred to the

2   Indymac Indx Mortgage Loan Trust 2006-AR11 Trust prior to the closing date.

3       105.    Beginning March 6, 2017, DEUTSCHE BANK represented itself as the

4   trustee for the Indymac Indx Mortgage Loan Trust 2006-AR11 Trust even though the loan

5   had not been transferred to the Indymac Indx Mortgage Loan Trust 2006-AR11 Trust prior to

6   the closing date.

7       106.    Plaintiffs relied upon the representations of each Defendant by attempting to

8   negotiate payments and a loan modification request with these Defendants, even though the

9   Defendants were not entitled to payment and had no standing to engage in such negotiations.

10      107.    Plaintiffs have suffered damages as a result:  Plaintiffs have been damaged in

11  their health, well-being, have suffered mental distress consistent with being the victim of a

12  fraud designed to deceive desperate homeowners, and they face a trustee's sale which will

13  take them from the use and enjoyment of their family home, all in the amount of

14  $1,000,000.00.

15                          **SEVENTH CAUSE OF ACTION**

16                     **(Breach of Contract - Against All Defendants)**

17      108.    Plaintiffs hereby incorporate Paragraphs 1 through 50 as if the same were

18  fully set forth herein.

19      109.    On or about November 22, 2010, Plaintiff RON OSBURN entered into a

20  written loan modification with MERS. The loan modification agreement was executed by

21  Plaintiff RON OSBURN and MERS, and included provisions for repayment. (The Loan

22  Modification is attached as "Exhibit 15")

23      110.    The terms of the repayment schedule included a monthly principal and

24  interest payment in the amount of $711.73 for the first five years, with an estimated monthly

25  escrow payment for taxes and insurance in the amount of $253.43.

26      111.    Although the terms of the modification obligated only Plaintiff RON

27  OSBURN to repay the loan balance, both Plaintiffs were named on the original Note and

28  Deed of Trust.

-21-

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

112.    On or about October 16, 2013, Plaintiffs received a "Notice of Servicing Transfer" which stated that IndyMac Mortgage Services would transfer the mortgage loan servicing rights to OCWEN.

113.    In or about 2015, years after OCWEN was servicing the loan, Plaintiffs noticed that their mortgage payments were increasing and decreasing without an explanation by OCWEN.

114.    In 2016, after contacting OCWEN about the payment fluctuation, they were informed that they could not speak with any OCWEN representatives because there was an "Automatic Stay" in effect as a result of their having filed Bankruptcy. Plaintiffs did not file Bankruptcy during that year, or in any year prior to that date.

115.    After continued communications with OCWEN in 2016, OCWEN eventually shut down Plaintiffs' mortgage account, and prevented them from having access to their account, which means that they were prevented from making inquiries about the misapplication of payments, and were prevented from making payments toward their loan.

116.    From the time the loan modification agreement was executed until the present, Plaintiffs fully complied with the loan modification terms and conditions by making the monthly mortgage payment monthly to bring them current. Each month that a payment was made, however, Plaintiffs were presented with different loan amounts to pay, without a reasonable explanation for the change in payment rate. Since Plaintiffs were left with no choice but to "guess" at what their payment requirement was every month, they paid the amount that they believed they were required to pay, many months amounting to more than the minimum payment set forth in the loan modification agreement.

117.    Plaintiffs, by making the required payments, relied on representations made by MERS, and later ratified by OCWEN, that their loan was modified. In addition, a factual assumption was made that MERS, and later OCWEN, would, in a good faith and reasonable manner, accept the payments based on the executed modification plan set forth in November, 2010.

118.    Defendants, and each of them, knew or should have known that Plaintiffs would justifiably rely on the representations made in writing by MERS, as OCWEN alleged to have taken over the servicing rights of Plaintiffs' loan.

119.    Beginning in 2016 until the present, through written and oral correspondence indicating their refusal to comply with Plaintiffs' loan modification request, Defendant OCWEN breached the agreement by refusing to apply Plaintiffs' monthly payments pursuant to the active loan modification agreement, even though Plaintiffs were ready, willing, and able to comply. Instead, Defendant OCWEN, for months, misapplied Plaintiffs' payments and held Plaintiffs' funds in a suspense account without applying the funds to their loan. Instead of honoring the loan modification currently in place, OCWEN refused to communicate or allow Plaintiffs to pay after 2016.

120.    Plaintiffs believe and upon such belief contend that defendant OCWEN never intended to honor the loan modification originated by MERS due to the written correspondence received by OCWEN and conversations Plaintiffs had with OCWEN's representatives, even though OCWEN claimed to have taken over servicing rights in 2013.

121.    Through OCWEN's failure to honor the loan modification agreement, and OCWEN's refusal to provide Plaintiffs with a proper accounting, Defendants, and each of them, hereby breached the terms of the agreement.

122.    As a proximate result of Defendants' breaches, Plaintiffs have suffered, and will continue to suffer, general and special damages in an amount according to proof at trial.

## EIGHTH CAUSE OF ACTION

### (Violation of the Truth in Lending Act 15 U.S.C. §1638 Against Defendant OCWEN and DOES 101-150)

123.    Plaintiffs reaffirm and reallege paragraphs above herein as if specifically set forth more fully herein below.

124.    On or about January 10, 2014, the Bureau of Consumer Financial Protection amended Regulation Z, which implements the Truth in Lending Act (TILA) and the official interpretation to the regulation (the 2013 TILA Servicing Final Rule). Included in this

-23-

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

amendment was a regulation regarding periodic statements for residential mortgage loans. With the issuance of this final rule, the Bureau also implemented Regulation X, which contains companion rules implementing amendments to the Real Estate Settlement Procedures Act of 1974 (the 2013 RESPA Servicing Final Rule).

125.    The Truth in Lending Act, at 15 U.S. Code §1638(f) (1) provides that "the creditor, assignee, or servicer with respect to any residential mortgage loan shall transmit to the obligor, for each billing cycle, a statement setting forth each of the following items, to the extent applicable, in a conspicuous and prominent manner: (A) The amount of the principal obligation under the mortgage; (B) The current interest rate in effect for the loan; (C)The date on which the interest rate may next reset or adjust; (D) The amount of any prepayment fee to be charged, if any; (E) A description of any late payment fees; (F) A telephone number and electronic mail address that may be used by the obligor to obtain information regarding the mortgage; (G) The names, addresses, telephone numbers, and Internet addresses of counseling agencies or programs reasonably available to the consumer that have been certified or approved and made publicly available by the Secretary of Housing and Urban Development or a State housing finance authority (as defined in section 1441a–1 of title 12).

126.    Beginning in 2016 to the present, Defendant OCWEN has refused to provide monthly mortgage statements to Plaintiffs, and has refused to communicate with Plaintiff RON OSBURN about the subject loan.

127.    As a result of the Defendant's lack of diligence in providing the mortgage statements, Plaintiffs have been unable to ascertain their current balance, and have been denied their request to make regular monthly mortgage payments. In addition, Plaintiff RON OSBURN's credit has been ruined as a result of Defendants' actions.

128.    Based on the above, Plaintiffs have suffered actual damages. Plaintiffs are also entitled to statutory damages, attorney's fees, and any additional damages pursuant to 15 U.S.C. 1640(a)(3).

///

## NINTH CAUSE OF ACTION

### (Unfair Business Practices – Against All Defendants)

129. Plaintiffs reaffirm and reallege paragraphs above herein as if specifically set forth more fully herein below.

130. California Business & Professions Code Section 17200, et seq., prohibits acts of unfair competition, which means and includes any "fraudulent business act or practice . . " and conduct which is "likely to deceive" and is "fraudulent" within the meaning of Section 17200.

131. Plaintiff believes and upon such belief contends that in 2017, Defendants misrepresented material information by causing an assignment of Plaintiffs' loan to an entity that did not have the right to receive the assignment.

132. Plaintiffs further believe and upon such belief contend that Defendants further misrepresented the public at large by using their power to make attempts to transfer Plaintiffs' Note and Deed of Trust after the closing date of the Pooling and Servicing Agreement, thereby providing false information to the public and financially interested parties, that the subject property was properly transferred thereby allowing Defendants, and each of them, to foreclose.

133. Plaintiffs believe and hereby contend that Defendants' acts and practices are likely to deceive, constituting a fraudulent business act or practice. This conduct is ongoing and continues to this date.

134. Specifically, as fully set forth above, Defendants engage in deceptive business practices with respect to the initiation of foreclosure proceedings by utilizing falsified documents and recording those documents in an effort to deceive the public at large as to the validity of such documents. In addition, Defendants engage in deceptive practices by:

(a) Instituting improper or premature foreclosure proceedings to generate unwarranted fees;

(b) Executing and recording false and misleading documents;

(c) Executing and recording documents without the legal authority to do so;

-25-

1    (d)  Failing to disclose the principal for which documents were being executed and

2    recorded in violation of California Civil Code Section 1095;

3    (e)  Acting as beneficiaries and trustees without the legal authority to do so; and

4    (f)  Other deceptive business practices.

5    135.   Plaintiffs allege that by engaging in the above described acts and/or practices

6    as alleged herein, Defendants have violated several California laws and regulations and said

7    predicate acts are therefore per se violations of California Business and Professions Code

8    Section 17200, et seq.

9    136.   Plaintiffs alleges that Defendants' misconduct, as alleged herein, gave, and his

10   designed to defraud California consumers and enrich the Defendants.

11   137.   The foregoing acts and practices have caused substantial harm to California

12   consumers.

13   138.   Plaintiffs believe and upon such belief alleges that the Defendants' unfair,

14   unlawful, and fraudulent business practices and false and misleading advertising present a

15   continuing threat to members of public in that other consumers will be defrauded into having

16   their property improperly sold at foreclosure.  Plaintiff and other members of the general

17   public have no other adequate remedy of law.

18   139.   Plaintiff is therefore entitled to attorney's fees as available under California

19   Business and Professions Code Sec. 17200 and related sections.  These acts and practices, as

20   described in the previous paragraphs, are unfair and violate Business and Professions Code §

21   17200 because their policies and practices described above violate all statutes previously

22   listed and consequently, constitute and unlawful business act of practice within the meaning

23   of Business and Professions Code § 17200.

24   140.   By reason of the foregoing, the above-named Defendants have been unjustly

25   enriched and should be required to disgorge their illicit profits and/or make restitution to

26   Plaintiffs and other California consumers who have been harmed, and/or be enjoined from

27   continuing in such practices pursuant to California Business & Professions Code Sections

28   17203 and 17204.  Additionally, Plaintiffs are therefore entitled to injunctive relief and

-26-

1   attorney's fees as available under California Business and Professions Code Sec. 17200 and

2   related sections.

3   **WHEREFORE, Plaintiffs pray as follows:**

4       1.      General damages in an amount to be proven at the time of trial and for interest

5   on that amount at the prevailing legal rate from the date of the funding of the loan; and/or

6       2.      Special damages for interest and/or all other penalties and/or fees associated

7   with the loan in a sum to be determined at trial; and/or

8       3.      For civil penalties afforded by statute, restitution, and injunctive relief;

9       4.      Punitive damages in an amount appropriate to punish the Defendants and

10  deter others from engaging in similar misconduct; and/or

11      5.      For reasonable attorneys' fees;

12      6.      For costs of suit herein incurred;

13      7.      For all other such relief as the Court deems proper.

14

15  Dated: February 28, 2018                    BENITEZ LAW FIRM P.C.

16

17

18

19                                              CATARINA M. BENITEZ,
                                                Attorney for Plaintiffs

20

21

22

23

24

25

26

27

28

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

-27-

1

2

## VERIFICATION

I, RONALD OSBURN, am one of the Plaintiffs in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing true and correct and that this declaration was executed in Visalia, Tulare County, State of California.

Dated: February 28, 2018

RONALD OSBURN,
Plaintiff

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

-28-

BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612

1

2

## VERIFICATION

3    I, SADIE OSBURN, am one of the Plaintiffs in the above entitled action.  I have read

4    the foregoing Complaint and know the contents thereof.  The same is true of my own

5    knowledge, except as to those matters which are therein alleged on information and belief,

6    and as to those matters, I believe it to be true.

7    I declare under penalty of perjury, under the laws of the State of California, that the

8    foregoing true and correct and that this declaration was executed in Visalia, Tulare County,

9    State of California.

10

11

12   Dated: February 28 , 2018

13

14

15   SADIE OSBURN,
     Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT