**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RONALD OSBURN, an individual, and, SADIE OSBURN, an individual,** | **1:18-cv-00310-LJO-SAB** |
| **Plaintiffs,** | **ORDER TO SHOW CAUSE RE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| v. | **(ECF No. 4)** |
| **ONEWEST BANK, et al.,** | |
| **Defendants.** | |

## I. <u>INTRODUCTION</u>

On March 20, 2018, Plaintiffs Ronald and Sadie Osburn, who are represented by counsel, filed a motion for a temporary restraining order ("TRO") that would prevent the foreclosure sale of their primary residence, located at 4523 West Evergreen Court, Visalia, CA 93277 (the "Property"). ECF No. 1 at ¶ 11. The Complaint names as Defendants numerous banks and mortgage servicing entities alleged to have been involved in the initiation, securitization, processing, re-financing, and modification of Plaintiffs' mortgage(s). According to Plaintiffs' TRO request, the foreclosure sale is scheduled for Tuesday, March 27, 2018. ECF No. 4 at 2.

## II. DISCUSSION

**A.  Jurisdiction**

Because at least one claim in the Complaint arises under a federal statute, the Real Estate Settlement Procedures Act ("RESPA"), *see* ECF No. 1 at ¶¶ 87-94, the Court finds federal question jurisdiction pursuant to 28 U.S.C. § 1331 may be present.

**B.  TRO Request**

Injunctive relief is an "extraordinary remedy, never awarded as of right." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). As such, the Court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22. To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) that the balance of equities tips in the moving party's favor; and (4) that preliminary injunctive relief is in the public interest. *Id*.

Local Rule[1] 231 governs the filing of requests for TROs in this District. Local Rule 231(b) provides:

> Timing of Motion. In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

At present, there is an insufficient showing in the TRO request to explain why Plaintiffs waited until approximately one week before the foreclosure sale to file the request for injunctive relief. The Complaint alleges that Plaintiffs received "approximately sixty" copies of a Notice of Trustee's Sale

---

[1] The Local Rules of this District are available at: http://www.caed.uscourts.gov/caednew/assets/File/EDCA%20Local%20Rules%20Effective%204-1-2017.pdf (last visited March 21, 2018).

2

from March 20, 2017 through June 29, 2017. ECF No. 1 at ¶ 37. A copy of one such Notice, dated June 29, 2017, is attached to the Complaint as Exhibit 13. ECF No. 1-14. That Notice indicates that the sale would take place on August 8, 2017. *Id*. Apparently, the sale was re-scheduled for March 27, 2018, but nowhere in the record is there any information pertaining to a revised Notice of Trustee's sale that set the current sale date, which Plaintiff admits is March 27, 2018. California law requires that such notice be given at least 21 days in advance of the sale. *See* Cal. Civ. Code § 2924.8. Plaintiffs do not allege there was any defect with that notice or provide a compelling basis to excuse waiting so long to attempt to block the sale. It is appropriate to deny Plaintiff's request on this procedural ground alone. *See Murphy v. United States Forest Serv.*, No. 2:13-CV-02315-GEB-AC, 2013 WL 12174044, at *1 (E.D. Cal. Nov. 15, 2013) (declining to address substantive issues where plaintiff provided no explanation as to why he waited more than a month to file a motion for a TRO); *Occupy Sacramento v. City of Sacramento*, No. 2:11-CV-02873-MCE, 2011 WL 5374748, at *4 (E.D. Cal. Nov. 4, 2011) (declining to issue TRO where plaintiffs waited twenty-five days). The record indicates Plaintiffs filed for bankruptcy at some point, probably in 2017. *See* ECF No. 4 at 3 (indicating Plaintiffs' Chapter 13 Bankruptcy was dismissed on or about February 24, 2018); ECF No. 1 at ¶ 34 (indicating Plaintiffs did not file bankruptcy in 2016 or in any year prior to 2016). Plaintiffs attempt to explain their delay in filing for a TRO by pointing out that their bankruptcy case was dismissed on February 24, 2018, and their Complaint was filed four days later, on February 28, 2018. But, again, the record does not indicate when they received notice of the Trustee's Sale, nor provide any explanation for why three weeks elapsed between the initiation of their lawsuit and the filing of their TRO. Nonetheless, in an abundance of caution, the Court will permit Plaintiff an opportunity to supplement its filing on the issue of timeliness.

In addition, the TRO motion relies, in discussing the likelihood of success on the merits, on two of the many claims in the complaint: the negligent misrepresentation claim and the breach of contract claim. As to the negligent misrepresentation claim, likelihood of success is far from clear. Plaintiffs allege that Mortgage Electronic Registration Systems, Inc., ("MERS"), Ocwen Loan Servicing, LLC

("Ocwen"), and Deutsche Bank represented that they retained the "rights as the beneficiary and the recipient of all interest under the March 17, 2006 Deed of Trust" even though they had no such right. ECF No. 1 at ¶¶ 104-106. Specifically, Plaintiffs allege that some of the Defendants attempted to assign their Deed of Trust into a mortgaged back security trust, but that the assignment was defective because it was made long after that trust closed. It appears that Plaintiffs are trying to mount a challenge to the effectiveness of the securitization of their loan, akin to the claims addressed in *Roberts v. Wells Fargo, N.A.*, No. CV 16-476 PSG (GJSX), 2016 WL 7469625, at *6 (C.D. Cal. May 17, 2016), and *Glaski v. Bank of Am., Nat'l Ass'n*, 218 Cal. App. 4th 1079, 1084 (2013). But, even if Plaintiffs had alleged with sufficient particularity a material defect in the securitization process, their negligent misrepresentation claim is based upon the allegation that downstream assignees of their Deed of Trust do not have standing to engage in negotiations with Plaintiffs about loan modification. *See* ECF No. 1 at ¶¶ 104-106. Negligent misrepresentation requires that the defendant: (1) made a misrepresentation of a material fact; (2) without reasonable grounds for believing it to be true; (3) with intent to induce another's reliance and that plaintiff: (1) was ignorant of the truth and justifiably relied on the misrepresentation and (2) suffered damages." *Marks v. Ocwen Loan Servicing*, No. C 07-2133SI, 2009 WL 975792, at *4 (N.D. Cal. Apr. 10, 2009). Here, nothing in the record indicates that the Defendants alleged to have engaged in mortgage loan modification negotiations with Plaintiffs had any reason to know of the alleged technical defect in the securitization process.

The showing on the breach of contract claim is facially more compelling. Plaintiffs have attached a written loan modification agreement executed by MERS on behalf of IndyMac Mortgage Services and Ron Osburn in 2010. *See* ECF No. 1-16 (Exhibit 15). Plaintiffs allege that Ocwen, the loan servicer, on behalf of the lender, did not abide by the terms of the loan modification agreement by, among other things, presenting plaintiffs with variable loan amounts to pay, and eventually shutting down Plaintiffs' mortgage account, preventing Plaintiffs from making payments toward their loan. ECF No. 1 at ¶¶ 116-117.

4

### III. CONCLUSION AND ORDER TO SHOW CAUSE

For the reasons set forth above, before any opposition will be required from Defendants, Plaintiffs are ordered to show cause in writing on or before **2:00 pm on March 22, 2018** why the TRO should not be denied outright as untimely pursuant to Local Rule 231(b). The hearing on the TRO motion, currently set for March 22, 2018, is VACATED. Upon receipt of the response to the order to show cause, the Court may require an opposition and may or may not set a hearing. The parties are informed, however, that is highly likely, given the time constraints in this case, that the matter will be decided on the papers pursuant to Local Rule 230(g).

IT IS SO ORDERED.

Dated: **March 21, 2018**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE