UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD OSBURN, an individual, and, SADIE OSBURN, an individual,

Plaintiffs,

v.

ONEWEST BANK, et al.,

Defendants.

1:18-cv-00310-LJO-SAB

ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER

(ECF No. 4)

## I. <u>INTRODUCTION</u>

On March 20, 2018, Plaintiffs Ronald and Sadie Osburn, who are represented by counsel, filed a motion for a temporary restraining order ("TRO") that would prevent the foreclosure sale of their primary residence, located at 4523 West Evergreen Court, Visalia, CA 93277 (the "Property"). ECF No. 1 at ¶ 11. The Complaint names as Defendants numerous banks and mortgage servicing entities alleged to have been involved in the initiation, securitization, processing, re-financing, and modification of Plaintiffs' mortgage(s). According to Plaintiffs' TRO request, the foreclosure sale is scheduled for **tomorrow**, Tuesday, March 27, 2018. ECF No. 4 at 2.

1

## II. DISCUSSION

**A.    Jurisdiction**

Because at least one claim in the Complaint arises under a federal statute, the Real Estate Settlement Procedures Act ("RESPA"), *see* ECF No. 1 at ¶¶ 87-94, the Court finds federal question jurisdiction pursuant to 28 U.S.C. § 1331 may be present.

**B.    TRO Request**

Injunctive relief is an "extraordinary remedy, never awarded as of right." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). As such, the Court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22. To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) that the balance of equities tips in the moving party's favor; and (4) that preliminary injunctive relief is in the public interest. *Id*.

Local Rule[1] 231 governs the filing of requests for TROs in this District. Local Rule 231(b) provides:

> Timing of Motion. In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

On March 21, 2018, the Court issued an Order to Show Cause to Plaintiffs requiring further explanation of why Plaintiffs waited until approximately one week before the foreclosure sale to file the request for injunctive relief. ECF No. 5. On March 22, 2018, Plaintiffs filed a response, indicating that although

---

[1] The Local Rules of this District are available at:
http://www.caed.uscourts.gov/caednew/assets/File/EDCA%20Local%20Rules%20Effective%204-1-2017.pdf (last visited March 21, 2018).

2

Plaintiffs did receive at least 21 days' notice of the Trustees sale pursuant to California law, bankruptcy proceedings were ongoing through at least February 24, 2018 and that Plaintiffs' counsel acted with diligence after the bankruptcy case closed to pursue this matter but was delayed at least in part due to hospitalizations in connection with her high risk pregnancy. *Id*. In a Minute Order issued March 22, 2018, the Court deemed the TRO motion timely and provided Defendants an opportunity to respond on or before 5:00pm on Friday, March 23, 2018. ECF No. 9. Plaintiffs served on Defendants at appropriate registered agents for service by overnight courier service the March 22, 2018 Minute Order as well as another, related Minute Order directing Defendants to provide contact information to the Court if they wished to oppose the TRO. *See* ECF Nos. 8 & 10-15.

In discussing the likelihood of success on the merits, the TRO motion relies on two of the many claims in the complaint: the negligent misrepresentation claim and the breach of contract claim. The Court addressed briefly the negligent misrepresentation claim in its March 21, 2018 OSC and will not revisit that discussion here other than to note that likelihood of success on that claim is far from clear.

As the Court indicated previously, the showing on the breach of contract claim is facially more compelling. Plaintiffs have attached a 2010 written loan modification agreement executed by MERS on behalf of IndyMac Mortgage Services and Ron Osburn. *See* ECF No. 1-16 (Exhibit 15). Plaintiffs allege that Ocwen, the loan servicer, on behalf of the lender, did not abide by the terms of the loan modification agreement by, among other things, presenting plaintiffs with variable loan amounts to pay, and eventually shutting down Plaintiffs' mortgage account, preventing Plaintiffs from making payments toward their loan. ECF No. 1 at ¶¶ 116-117. This is sufficient to establish likelihood of success for purposes of issuance of a TRO.

As for the balance of the equities, the Property is Plaintiffs' primary residence and family home. They will be harmed in manners that cannot be compensated by monetary damages if an injunction does not issue. Likewise, under the circumstances alleged, the public interest would be served by allowing Plaintiffs an opportunity to be heard before the foreclosure proceeds. *See, e.g., Paik v. Wells Fargo*

*Bank, N.A.*, No. C 10-04016 WHA, 2011 WL 109482, at *5 (N.D. Cal. Jan. 13, 2011)("This would not be the first time that a bank shirked its legal responsibilities to aid a struggling borrower trying to pay back her loan. It is in the public interest to allow such borrowers a full and fair opportunity to show that they were not given all the benefits that the law afforded when they make a preliminary showing that something was amiss.").

### III. CONCLUSION AND TEMPORARY RESTRAINING ORDER

For the reasons set forth above, Plaintiffs' motion for a TRO and order to show cause why a preliminary injunction should not issue against ONEWEST BANK, A DIVISION OF CIT BANK, N.A. (AIK/A CIT BANK, N.A.), DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR INDYMAC INDX 2006-AR11; OCWEN LOAN SERVICING LLC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WESTERN PROGRESSTVE. LLC **is GRANTED**.

IT IS HEREBY ORDERED that Defendants and their officers, agents, employees, representatives, and all persons acting in concert or participating with them are **ENJOINED**, during the pendency of this order, from: selling, transferring, encumbering, or conveying the title of the property commonly known as 4523 West Evergreen Court Visalia, California 93277, Assessor's Parcel Number 119-580-010.

This TRO is to remain in effect until April 9, 2018, the maximum length permissible under Fed. R. Civ. P. 65, unless Plaintiffs apply for and obtain an extension thereto, which can be no longer than an additional fourteen (14) days.

IT IS FURTHER ORDERED that Plaintiffs' motion for a TRO is converted into a request for a preliminary injunction. Defendants are **ORDERED TO SHOW CAUSE IN WRITING ON OR BEFORE April 2, 2018** why this TRO should not be converted into a preliminary injunction. Plaintiffs must file any reply to Defendants' response within three days of whenever that response is filed. Unless the Court notifies the Parties to the contrary, the matter will be taken under submission on the papers

and decided without a hearing pursuant to Local Rule 230(g).

IT IS FURTHER ORDERED that within three calendar days of the date of this Order, Plaintiffs shall post a bond in the amount of $1,500 with the Clerk of Court.

Finally, affected parties are hereby NOTIFIED that they can apply to the court for modification/dissolution of this TRO upon no less than three days' notice.

IT IS SO ORDERED.

Dated: **March 26, 2018** **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE