| | |
|---|---|
| **RONALD OSBURN, an individual, and, SADIE OSBURN, an individual,**<br><br>Plaintiffs,<br><br>v.<br><br>**ONEWEST BANK, et al.,**<br><br>Defendants. | 1:18-cv-00310-LJO-SAB<br><br>**ORDER TO SHOW CAUSE WHY TEMPORARY RESTRAINING ORDER SHOULD NOT BE DISSOLVED** |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

## I. <u>INTRODUCTION</u>

On March 20, 2018, Plaintiffs Ronald and Sadie Osburn, who are represented by counsel, filed a motion for a temporary restraining order ("TRO") that would prevent the foreclosure sale of their primary residence, located at 4523 West Evergreen Court, Visalia, CA 93277 (the "Property"). ECF No. 1 at ¶ 11 & ECF No. 4. The previously-filed Complaint names as Defendants numerous banks and mortgage servicing entities alleged to have been involved in the initiation, securitization, processing, re-financing, and modification of Plaintiffs' mortgage(s). The foreclosure sale was scheduled for Tuesday, March 27, 2018. ECF No. 4 at 2. The Court granted Plaintiffs' TRO request on March 26, 3018. ECF

No. 16.

The TRO request was premised on only two of Plaintiffs' many claims: breach of contract and negligent misrepresentation. *Id*. Based upon the record then presented, the Court found likelihood of success on Plaintiffs' breach of contract claim:

> The showing on the breach of contract claim is facially [ ] compelling. Plaintiffs have attached a 2010 written loan modification agreement executed by MERS on behalf of IndyMac Mortgage Services and Ron Osburn. *See* ECF No. 1-16 (Exhibit 15). Plaintiffs allege that Ocwen, the loan servicer, on behalf of the lender, did not abide by the terms of the loan modification agreement by, among other things, presenting plaintiffs with variable loan amounts to pay, and eventually shutting down Plaintiffs' mortgage account, preventing Plaintiffs from making payments toward their loan. ECF No. 1 at ¶¶ 116-117. This is sufficient to establish likelihood of success for purposes of issuance of a TRO.

ECF No. 16 at 3. Defendants having been duly served with the TRO motion and in the absence of any contrary evidence, the Court found issuance of a TRO was warranted under the circumstances. *See generally* ECF No. 16. The Court's March 26, 2018 TRO required Defendants to show cause why the TRO should not be converted into a preliminary injunction. *Id*. at 4-5. On April 2, 2018, Defendants Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company ("Defendants") filed a response to the order to show cause, along with supporting documentation. ECF Nos. 20-22. On April 5, 2018, Plaintiffs filed a reply, attaching short declarations from each Plaintiff. ECF No. 24. For the reasons set forth below, Plaintiffs are now ordered to show cause why the TRO should not be dissolved.

## II. DISCUSSION

Injunctive relief is an "extraordinary remedy, never awarded as of right." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). As such, the Court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22. To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) that the balance of equities tips in the moving party's favor; and (4) that preliminary injunctive relief is in the public interest. *Id*.

The Parties have briefed likelihood of success in connection with all of the claims in the Complaint. See ECF Nos. 20 & 24. As the Court indicated previously, the TRO request was premised upon only two types of claims: negligent misrepresentation and breach of contract. The Court will not address any other claims at this time.

The Court addressed briefly the negligent misrepresentation claim in its March 21, 2018 Order to Show Cause ("OSC") and noted in the March 26, 2018 TRO that likelihood of success on that claim is "far from clear." ECF No. 16 at 3. The negligent misrepresentation claim in the Complaint is premised entirely on Plaintiff's theory that their loan was improperly securitized, and that therefore the loan was not properly transferred to Defendants, and, as a result, that Defendants had no standing to engage in loan modification negotiations. ECF No. 1 at ¶¶ 104-105. Defendants' response to the OSC argues persuasively that any such claim is time barred because Plaintiffs were aware that Deutsche Bank was claiming to be the beneficiary of the loan as of 2008, the date on which Plaintiffs entered into their first loan modification agreement with Deutsche Bank listed as the trustee. ECF No. 21-1, Ex. 3 (loan modification agreement signed by Plaintiffs naming "Deutsche Bank National Trust Company as Trustee of the IndyMac INDX Mortgage Loan Trust 2006-AR11, Mortgage Pass Through Certificates, Series 2006-AR11 under the Pooling and Servicing Agreement dated April 1, 2006"). Claims based upon fraud, including negligent misrepresentation, are subject to a three year limitations period in California. Cal. Code Civ. Pro. § 338(d); *Stafford v. Rite Aid Corp.*, No. 17-CV-01340-AJB-JLB, 2017 WL 6497678, at *3 (S.D. Cal. Dec. 19, 2017).

Plaintiffs' initial showing on their breach of contract claim was facially more compelling. To state a claim for breach of contract, a plaintiff must assert: (1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damage to the plaintiff. *Wall St. Network, Ltd. v. N.Y. Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008). Plaintiffs attached to their Complaint a 2010 written loan modification agreement executed by MERS on behalf of IndyMac Mortgage Services and signed by Ron Osburn. *See* ECF No. 1-16 (Exhibit 15). Plaintiffs allege that

Ocwen, the loan servicer, on behalf of the lender, did not abide by the terms of the loan modification agreement by, among other things, presenting plaintiffs with variable loan amounts to pay, and eventually shutting down Plaintiffs' mortgage account, preventing Plaintiffs from making payments toward their loan. ECF No. 1 at ¶¶ 116-117.

In response to the OSC, Defendants submitted the Declaration of Kevin Flannigan, who, among other things, states that throughout 2015, Plaintiffs were at least one month behind in their Loan payments, that their last payment was made on January 25, 2016 in the amount of $1050.00 (even though their total regular payment at that time was $1158.56), and that Ocwen <u>did not receive any further payment on the loan thereafter</u>. ECF No. 21 at ¶¶ 8 & 9. The documents provided by Defendants support these assertions. *See id*. at Ex. 6.[1] Therefore, Defendants have presented specific evidence indicating that Plaintiffs were in default as early as late 2016 and have remained in default since then. "[I]t is elementary that one party to a contract cannot compel another to perform while he himself is in default." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367-1368 (2010) (internal citation omitted). Plaintiffs allege generically that they have always "fully complied with the loan modification terms and conditions by making the monthly mortgage payment monthly to bring them current," ECF No 1 at 116, but were at some point "prevented from making payments toward their loan," *id*. at ¶ 115, and that Defendants "refused to . . . allow Plaintiffs to pay after 2016." *Id*. at ¶ 119. As these assertions were made within a verified complaint, *id*. at p. 28, they were sufficient to justify the initial TRO order in the absence of contrary evidence. Now, however, the record is more complete and contains more specific and directly contradictory evidence. Plaintiffs bear the burden of proof in connection with their request for emergency injunctive relief. *See Environmental Council of Sacramento v. Slater*, 184 F.

---

[1] Plaintiffs' evidentiary objections, ECF No. 24-1, to Paragraphs 8 and 9 of the Flannigan Declaration, on which the Court does rely, are without merit. The Court is relying on the information contained in these paragraphs and the related exhibits only to establish the fact that Ocwen's records indicate Plaintiffs were behind on their payments as of late 2015 and further that Ocwen did not apply any mortgage payments to Plaintiffs' account after January 2016. *See* ECF No. 21 at Ex. 6. Mr. Flannigan establishes through his declaration that these records are admissible under the business records exception to the bar against hearsay. *See* Fed. R. Evid. 803(6)(B); *see also* Flannigan Decl. ¶ 3.

4

Supp. 2d 1016, 1027 (E.D. Cal. 2000). Therefore, Plaintiffs are ordered to show cause why the TRO should not be dissolved on the ground that they have been and remain in default on their loan. If Plaintiffs have specific proof to demonstrate that Defendants refused to accept payments made, such evidence may be relevant to the inquiry, *see, e.g.*, *Walker v. Washington Mut. Bank*, No. B189021, 2007 WL 1953130, at *6 (Cal. Ct. App. July 5, 2007) (accepting as evidence of borrower's performance under loan modification agreement documentation indicating that the lender refused to accept borrower's payments), but Plaintiffs may not stand on generic assertions and allegations.

### III. CONCLUSION AND TEMPORARY RESTRAINING ORDER

For the reasons set forth above,

(1) The TRO is extended up to and through April 12, 2017 according to the terms outlined in the March 26, 2018 TRO;

(2) Plaintiffs are ORDERED TO SHOW CAUSE in writing **ON OR BEFORE 4:00 pm on April 10, 2018** why the TRO should not be dissolved. Plaintiffs are directed to address only the issues outlined above.

(3) Defendants may file a response on or before noon on April 11, 2018.

(4) Upon the expiration of the response deadline, the Court will determine whether a hearing will be necessary.

IT IS SO ORDERED.

Dated: **April 6, 2018**          **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE