LOCKE LORD LLP
Regina J. McClendon (SBN 184669)
rmcclendon@lockelord.com
Meagan S. Tom (SBN 273489)
meagan.tom@lockelord.com
44 Montgomery Street, Suite 4100
San Francisco, CA 94104
Telephone:  (415) 318-8810
Fax:  (415) 676-5816

Attorneys for Defendants
Ocwen Loan Servicing, LLC; Deutsche Bank National
Trust Company, as Trustee for IndyMac Indx 2006-AR11;
Western Progressive Trustee, LLC dba Western Progressive, LLC;
and Mortgage Electronic Registration Systems, Inc.

*Locke Lord LLP*
*44 Montgomery Street, Suite 4100*
*San Francisco, CA 94104*

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD OSBURN, an individual, and SADIE OSBURN, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> ONEWEST BANK, A DIVISION OF CIT BANK, N.A. (A/K/A CIT BANK, N.A.), DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR INDYMAC INDX 2006-AR11; OCWEN LOAN SERVICING LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WESTERN PROGRESSIVE, LLC and DOES 1 through 150, inclusive, <br><br> Defendants. | CASE NO.:  1:18-cv-00310-LJO-SAB <br><br> **DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br><br><br><br> Date: May 16, 2018 <br> Time: 8:30 a.m. <br> Dept.: Courtroom 4, 7th Floor <br><br><br> Complaint Filed:   March 3, 2018 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** on May 16, 2018, 2018, at 8:30 a.m., Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Deutsche Bank National Trust Company, as Trustee for IndyMac Indx 2006-AR11 ("Deutsche Bank Trustee"), Western Progressive Trustee, LLC d/b/a Western Progressive, LLC ("Western"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants"), through their undersigned counsel, will bring for hearing, in Courtroom 4, 7th Floor of the United States Courthouse located at 2500 Tulare Street, Fresno, CA 93721, their Motion to Dismiss the Complaint filed by plaintiffs Ronald Osburn and Sadie Osburn ("Plaintiffs") for failure to state a claim.

This Motion is based on this Notice of Motion and Motion, the below Memorandum of Points and Authorities, Request for Judicial Notice filed concurrently herewith, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing.

Dated:  April 9, 2018                          Respectfully submitted,

                                               LOCKE LORD LLP


                                               By:   /s/ Meagan S. Tom
                                                      Regina J. McClendon
                                                      Meagan S. Tom
                                               Attorneys for Defendants Ocwen Loan Servicing, LLC;
                                               Deutsche Bank National Trust Company, as Trustee for
                                               IndyMac Indx 2006-AR11; Western Progressive Trustee,
                                               LLC dba Western Progressive LLC; and Mortgage
                                               Electronic Registration Systems, Inc.

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   STATEMENT OF FACTS ....................................................................................1

III.  LEGAL ARGUMENT ..........................................................................................3

    A.   Applicable Legal Standard...........................................................................3

    B.   Plaintiffs Lack Standing to Challenge the Assignment of the Loan...........3

    C.   Plaintiffs' First and Sixth Claims for Fraud and Negligent Misrepresentations Fail ............7

    D.   Plaintiffs' Second Claim for Wrongful Foreclosure Fails............................8

    E.   Plaintiffs' Quiet Title Claim Fails. ..............................................................9

    F.   Plaintiffs' Fourth Claim for RESPA Violations Fails ...............................10

    G.   Plaintiff's Fifth Claim for Cancellation of Instruments Fails. ..................11

    H.   Plaintiffs' Seventh Claim for Breach of Contract Fails.............................12

    I.    Plaintiffs' Eighth Claim for TILA Violations Fails ..................................13

    J.   Plaintiffs' Ninth Claim for Unfair Business Practices Fails .....................14

IV.   CONCLUSION ...................................................................................................16

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aguilar v. Bocci*,
  39 Cal.App.3d 477-478 (1974) ...............................................................................9

*In re Ahmadi*,
  467 B.R. 782 (Bankr. M.D. Pa. 2012) ....................................................................5

*Alperin v. Vatican Bank*,
  410 F.3d 532 (9th Cir. 2005) ..................................................................................1

*Altman v. PNC Mortg.*,
  850 F.Supp.2d 1057 (E.D. Cal., 2012)..................................................................16

*Anderson v. U.S. Bank, N.A, 5:13-cv-00636-PSG*,
  2014 WL 47087 (N.D. Cal. Jan. 6, 2014) .............................................................11

*In re Aniel*,
  427 B.R. 811 (Bankr. N.D. Cal. 2010) ...................................................................7

*Anokhin v. BAC Home Loan Servicing, LP*,
  2010 WL 3294367 (E.D.Cal. Aug. 20, 2010).......................................................11

*Argueta v. J.P. Morgan Chase*,
  2011 WL 2619060 (E.D. Cal. June 30, 2011) .......................................................15

*Arnolds Management Corp. v. Eischen*,
  158 Cal.App.3d 575 (1984) .....................................................................................9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................3

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................................3

*Bernardo v. Planned Parenthood Fed. of America*,
  115 Cal. App. 4th 322 (2004) ................................................................................14

*Bleavins v. Demarest*,
  196 Cal. App.4th 1533 (2011) .................................................................................3

*Bridgeman v. U.S.*,
  2011 WL 221639 (E.D. Cal. Jan. 21, 2011) .........................................................11

*Cadlo v. Owens-Illinois, Inc.*,
  125 Cal. App. 4th 513 (2004), *as modified* (Dec. 30, 2004)..................................8

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

ii

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

*Calvo v. HSBC Bank USA, N.A.*,
    199 Cal.App.4th 118 (2011) ......................................................................................6

*In re Cook*,
    457 F.3d 561 (6th Cir. 2006) ...................................................................................5

*Copeland v. Lehman Bros. Bank*,
    FSB, No. 09–1774, 2010 WL 2817173 (S.D. Cal. July 15, 2010) ...........................10

*Creative Ventures, LLC v. Jim Ward & Assocs.*,
    195 Cal.App.4th 1430 (2011) ..................................................................................7

*DeLeon v. Wells Fargo Bank, N.A.*,
    2011 WL 311376 (N.D. Cal. Jan. 28, 2011) ..........................................................14

*Depner v. Joseph Zukin Blouses*,
    13 Cal.App.2d 124,127-128 (1936) .........................................................................5

*Dick v. Am. Home Mortg. Servicing, Inc.*,
    2014 WL 172537 (E.D. Cal. Jan. 15, 2014) ..........................................................12

*Dino v. Pelavo*,
    145 Cal.App.4th 347 (2006) ....................................................................................5

*In re Doble*,
    2011 WL 1465559 (Bankr. S.D. Cal. Apr. 14, 2011) ..............................................5

*Durell v. Sharp Healthcare*,
    183 Cal.App.4th 1350 (2010) ................................................................................12

*Evans v. Nationstar Mortgage, LLC*,
    2:15-cv-1213-JAM, 2015 WL 6756255 (E.D. Cal. Nov. 5, 2015) .........................10

*In re Ferrell*,
    539 F.3d 1186 (9th Cir. 2008) ...............................................................................13

*Fontenot v. Wells Fargo Bank, N.A.*,
    198 Cal.App.4th 256 (2011) ...............................................................................6, 12

*Gantman v. United Pac. Ins. Co.*,
    232 Cal.App.3d 1560 (1991) ................................................................................3, 6

*Glue-Fold, Inc. v. Slautterback Corp.*,
    82 Cal.App.4th 1018 (2000) ..................................................................................11

*In re Halabi*,
    184 F.3d 1335 (11th Cir. 1999) ...............................................................................5

*Hamilton v. Bank of Blue Valley*,
    746 F.Supp.2d 1160 (E.D. Cal. Oct. 20, 2010) ......................................................9

MOTION TO DISMISS COMPLAINT
*Osburn v. OneWest Bank, et al.*, Case No. 1:18-cv-00310-LJO-SAB

*Herrera v. Federal Nat. Mortg. Assn.,*
  205 Cal.App.4th 1495 (2012) ...............................................................................6, 12

*Jenkins v. JP Morgan Chase Bank,*
  216 Cal.App.4th 497 (2013) ...............................................................................11, 15

*Jones v. Aetna Casualty & Sur. Co.,*
  26 Cal.App.4th 1717 (1994) .......................................................................................5

*Khoury v. Maly's of Cal., Inc.,*
  14 Cal. App. 4th 612 (1993) ...............................................................................14, 16

*Krantz v. BT Visual Images, LLC,*
  89 Cal. App. 4th 164 (2001) .....................................................................................15

*Lawther v. Onewest Bank,*
  No. C10-0054 RS, 2010 WL 4936797 (N.D. Cal., Nov. 30, 2010) .........................10

*Lazar v. Superior Court,*
  12 Cal. 4th 631 (1996) ................................................................................................7

*Lazo v. Summit Management Co.,*
  2014 WL 3362289 (E.D. Cal. July 9, 2014) ............................................................12

*Lee v. Am. Nat. Ins. Co.,*
  260 F.3d 997 (9th Cir. 2001) ....................................................................................15

*In re Macklin,*
  495 B.R. 8 (Bankr. E.D. Cal. 2013) ...........................................................................6

*Miller v. Provost,*
  26 Cal.App.4th 1703 (1994) .......................................................................................9

*Morgan v. Aurora Loan Services, LLC,*
  646 Fed.Appx. 546 (9th. Cir. 2016) ...........................................................................5

*Murphy v. Allstate Ins. Co.,*
  17 Cal.3d 937 (1976) ..................................................................................................4

*Nguyen v. Calhoun,*
  105 Cal.App.4th 428 (2003) .......................................................................................9

*In re Pak,*
  2011 WL 7145763 .......................................................................................................7

*Pantoja v. Countrywide Home Loans, Inc.,*
  640 F. Supp. 2d 1177 (N.D. Cal. 2009) ...................................................................15

*Pareto v. F.D.I.C.,*
  139 F.3d 696 (9th Cir. 1998) ......................................................................................1

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

MOTION TO DISMISS COMPLAINT
*Osburn v. OneWest Bank, et al.*, Case No. 1:18-cv-00310-LJO-SAB

*Perez v. Wells Fargo Bank, N.A.*,
  2011 WL 3809808 (N.D. Cal. Aug, 29, 2011) ...........................................................16

*Petrovich v. Ocwen Loan Servicing, LLC*,
  No. 15-cv-00033-EMC, 2016 WL 555959 (N.D. Cal. Feb. 12, 2016) ....................10, 11

*R&B Auto Ctr., Inc. v. Farmers Group, Inc.*,
  140 Cal.App.4th 327 (2006) ...................................................................................14

*Rajamin v. Deutsche Bank Nat'l Trust Co.*,
  757 F.3d 79 (2d Cir. 2014)........................................................................................5

*Saterbak v. JPMorgan Chase Bank, N.A.*,
  245 Cal.App.4th 808 (2016) ......................................................................................4

*Scripps Clinic v. Superior Court*,
  108 Cal.App.4th 917 (2003) ....................................................................................15

*Simila v. American Sterling Bank*,
  2010 WL 3988171 (S.D. Cal. Oct. 12, 2010) ...........................................................16

*Simmons v. Aurora Bank FSB*,
  No. 5:13-cv-00482-HRL, 2016 WL 192571 (N.D. Cal. Jan. 15, 2016) ..................10, 11

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) .....................................................................................3

*In re VerifoneSecs. Litig.*,
  11 F.3d 865 (9th Cir. 1993) .......................................................................................1

*Wall St. Network, Ltd. v. N.Y. Times Co.*,
  164 Cal.App.4th 1171 (2008) ..................................................................................12

*Western Mining Council v. Watt*,
  643 F.2d 618 (9th Cir. 1981) .....................................................................................1

*Yazdanpanah v. Sacramento Valley Mortgage Group*,
  2009 WL 4573381 (N.D. Cal. Dec. 1, 2009) ............................................................11

*Yhudai v. IMPAC Funding Corporation*,
  1 Cal.App.5th 1252, 1259 (2016) ..............................................................................5

*Yvanova v. New Century Mortgage Corp.*,
  62 Cal.4th 919 (2016) ...............................................................................................4

**Statutes and Rules**

12 C.F.R § 1024.36(f) ...............................................................................................10

12 U.S.C. § 2605 .......................................................................................................10

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

15 U.S.C. § 1638 ...................................................................................................13

15 U.S.C. § 1638 .............................................................................................13, 14

15 U.S.C. § 1639 ...................................................................................................13

15 U.S.C. § 1640 ...................................................................................................13

Cal. Bus. & Prof. Code § 17200 ..............................................................14, 15, 16

Cal. Bus. & Prof. Code § 17204 .............................................................................14

Cal. Civ. Code § 3412 .............................................................................................11

Cal. Com. Code § 1201 ............................................................................................7

Cal. Com. Code § 3205 ............................................................................................7

Cal. Com. Code § 3301 ............................................................................................7

Cal. Code Civ. Proc. § 367 ......................................................................................5

Cal. Code Civ. Proc. § 761.020 ..............................................................................9

Fed. R. Civ. P. 8(a)(2) .............................................................................................3

Fed. R. Civ. P. 12(b)(6) .......................................................................................1, 3

MOTION TO DISMISS COMPLAINT
*Osburn v. OneWest Bank, et al.*, Case No. 1:18-cv-00310-LJO-SAB

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Deutsche Bank National Trust Company, as Trustee for IndyMac Indx 2006-AR11 ("Deutsche Bank Trustee"), Western Progressive, LLC ("Western"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants") move to dismiss the Complaint filed by Plaintiffs Ronald Osburn and Sadie Osburn ("Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

The instant action represents another attempt to delay the non-judicial foreclosure sale of real property located at 4523 W. Evergreen Court, Visalia, California (the "Property"). Despite being in almost continuous default, filing two separate bankruptcies, and attempting to register a fabricated "foreign judgment" in the U.S. District Court for the District of Connecticut, Plaintiffs now seek to challenge the Defendants' standing to initiate non-judicial foreclosure proceedings based on claims that the Loan was improperly securitized. For reasons explained below, Defendants respectfully request that this Court dismiss the Complaint.

## II.   STATEMENT OF FACTS

On a motion to dismiss, the Court accepts as true the facts properly pleaded in the complaint, but not conclusions of law. *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005); *In re VerifoneSecs. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993). In resolving a motion to dismiss, the Court generally accepts as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The Court, however, need not accept as true any unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). In keeping with these rules, and without conceding for any other purpose the truth of Plaintiffs' allegations, Defendants set forth the facts pertinent to this motion.

Plaintiff Ronald Osburn executed a Fixed/Adjustable Rate Note Interest Only Period ("Note") on or about March 17, 2006, in the original principal amount of $348,400 with IndyMac Bank, F.S.B. ("IndyMac"). Compl., ¶ 22, Exh. 6. Plaintiff Ronald Osburn was the sole borrower on

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1  the Note.  Compl., Exh. 15.  This loan was secured by a deed of trust ("Deed of Trust") executed by

2  both Plaintiffs recorded against the Property on March 27, 2006.  Compl., ¶ 23, Exh. 7.  IndyMac

3  was the servicer for the Loan until October 16, 2013, when Ocwen became the servicer.  Compl., ¶

4  33.  While IndyMac serviced the Loan, Plaintiffs received at least one loan modification.  Compl., ¶

5  28, Exh. 15.  The loan modification modified Plaintiffs' loan payments to be at a step rate interest

6  increase, and included principal, interest, and escrow amounts, which may adjust periodically.

7  Compl., Exh. 15.

8       On February 17, 2016, Plaintiffs filed a "Clerk's Certification of a Judgment to be Registered

9  in Another District" with the United States District Court for the District of Connecticut, seeking to

10  register a "judgment" by the "Federal Postal Court."  Request for Judicial Notice ("RJN"), Exh. 1.

11  The United States District Court for the District of Connecticut Ordered the filing stricken and

12  closed the matter on April 4, 2016.  RJN, Exh. 2.

13       On January 18, 2017, a Corporate Assignment of Deed of Trust was recorded against the

14  Property memorializing the prior transfer of the beneficial interest in the Note and Deed of Trust to

15  Deutsche Bank Trustee.  RJN, Exh. 3.  On March 20, 2017, a Notice of Default was recorded against

16  the Property.  RJN, Exh. 4.  The Notice of Default lists Western Progressive, LLC as "either the

17  original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or

18  beneficiary under the Deed of Trust."  *Id.*, p. 2.  On June 29, 2017, a Notice of Trustee's Sale was

19  recorded against the Property.  RJN, Exh. 5.

20       In 2017, Plaintiffs filed for Chapter 13 bankruptcy protection twice.  On September 28, 2017,

21  Plaintiffs filed for Chapter 13 bankruptcy protection.  RJN, Exh. 6.  This bankruptcy petition was

22  dismissed on October 27, 2017 for failure to file all documents.  RJN, Exh. 7.  Plaintiffs filed a

23  second Chapter 13 bankruptcy petition on November 30, 2017.  RJN, Exh. 8.  This bankruptcy

24  petition was dismissed on February 24, 2018 following the Chapter 13 Trustee's Motion.  RJN, Exh.

25  9.

26       No foreclosure sale has taken place.

27

28

III.    **LEGAL ARGUMENT**

A.    **Applicable Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Thus, in resolving a Rule 12(b)(6) motion to dismiss, a court engages in a two-prong inquiry.  First, a court accepts all well-pled allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).  A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (citation omitted).  Nor need a court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Second, the court determines whether the well-pled factual allegations are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

B.    **Plaintiffs Lack Standing to Challenge the Assignment of the Loan**

As an initial matter, the crux of Plaintiffs' Complaint, that Defendants did not receive a proper assignment of the Loan, and thus lack standing to initiate foreclosure proceedings, must fail as a matter of law, as Plaintiffs do not have legal authority to challenge the assignment of their loan.  Under California law, "'[s]omeone who is not a party to [a] contract has no standing to enforce the contract ….'" *Gantman v. United Pac. Ins. Co.*, 232 Cal.App.3d 1560, 1566 (1991) (citation omitted).  Similarly, "'[s]omeone who is not a party to [a] contract has no standing to [challenge the performance of] the contract ….'" *Bleavins v. Demarest*, 196 Cal. App.4th 1533, 1542 (2011); (citations omitted, alterations in the original.)   Further, under California law, "[a] third party should not be permitted to enforce covenants made not for his benefit ….  As to any provision made not for

MOTION TO DISMISS COMPLAINT
*Osburn v. OneWest Bank, et al.*, Case No. 1:18-cv-00310-LJO-SAB

1    his benefit but for the benefit of the contracting parties or for other third parties, he becomes an

2    intermeddler." *Murphy v. Allstate Ins. Co.,* 17 Cal.3d 937, 944 (1976).

3            Here, Plaintiffs are not (nor do they allege to be) a party to any pooling and servicing

4    agreement or any assignment of the subject loan.  As a result, Plaintiffs do not have legal authority to

5    challenge these documents.  To the extent that Plaintiffs try to avoid this result by citing to *Yvanova*

6    *v. New Century Mortgage Corp.*, 62 Cal.4th 919, 939 (2016) for the proposition that a borrower can

7    challenge a "void" assignment of a deed of trust, the narrow ruling issued in *Yvanova* cannot save

8    their failed claims for several reasons.

9            As an initial matter, *Yvanova* only applies to post nonjudicial wrongful foreclosure claims.

10   "Our ruling in this case is a narrow one. We hold only that a borrower who has suffered a

11   nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly

12   void assignment merely because he or she was in default on the loan and was not a party to the

13   challenged assignment. We do not hold or suggest that a borrower may attempt to preempt a

14   threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed."

15   *Yvanova,*, 62 Cal.4th at 920.  Here, no foreclosure sale has occurred.  Thus, Plaintiffs' wrongful

16   foreclosure claim is premature, notwithstanding *Yvanova*.  *See Saterbak v. JPMorgan Chase Bank,*

17   *N.A.*, 245 Cal.App.4th 808, 815 (2016) (finding that *Yvanova* is "expressly limited to the post-

18   foreclosure context" and does not provide for a pre-foreclosure cause of action to challenge an

19   entity's authority to foreclose).

20           Furthermore, the Court in *Yvanova* did not "hold or suggest" that claims like those alleged by

21   Plaintiffs would actually render an assignment void, instead of merely voidable.  In fact, the

22   Supreme Court expressly did not decide this issue:  "Nor do we hold or suggest that plaintiff in this

23   case has alleged facts showing the assignment is void or that, to the extent she has, she will be able

24   to prove those facts."  *Yvanova,* 62 Cal.4th at 920.  Here, Plaintiffs' Complaint presents no plausible

25   facts to support their claim that the assignment of their loan was void.  At most, the allegations might

26   show that the assignment was *voidable*, but a borrower lacks standing to challenge a voidable

27   assignment.  *Saterbak,* 245 Cal.App.4th at 815 (finding that an untimely or unauthorized assignment

28   to a securitized trust is merely voidable, not void, and borrower did not have standing to challenge

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

4

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1  compliance with a PSA agreement on this basis) (citing *Rajamin v. Deutsche Bank Nat'l Trust Co.*,

2  757 F.3d 79, 88–89  (2d Cir. 2014) ( "an unauthorized act by the trustee is not void but merely

3  voidable by the beneficiary"); *accord Yhudai v. IMPAC Funding Corporation*, 1 Cal.App.5th 1252,

4  1259 (2016) ("a postclosing assignment of a loan to an investment trust that violates the terms of the

5  trust renders the assignment voidable, not void, under New York law"); *accord Morgan v. Aurora

6  Loan Services, LLC*, 646 Fed.Appx. 546, 550 (9th. Cir. 2016) (an untimely assignment of a loan into

7  a trust is voidable, not void).

8      As stated above, under California law, "someone who is not a party to [a] contract has no

9  standing to enforce it or to recover extra-contractual damages for the wrongful withholding of

10  benefits to the contracting party."  *Jones v. Aetna Casualty & Sur. Co.*, 26 Cal.App.4th 1717, 1724

11  (1994).  Similarly, only a party to a contract, and wronged one at that, can seek to have a contract

12  voided.  *See Depner v. Joseph Zukin Blouses*, 13 Cal.App.2d 124,127-128 (1936) ("Inasmuch as the

13  wronged party in the instant case has not by a judicial adjudication or otherwise declared the

14  agreement . . . void, we are of the opinion that the said agreement remains in full legal force and

15  effect.").  Here, however, no party to the assignment has asserted that it was void.  And just labeling

16  an assignment "void" does not make it so. *See Trinity Park, L.P.,* 193 Cal.App.4th at 1027 (a court

17  does not assume the truth of conclusions of fact or law)).

18      Furthermore, the deed of trust is the property of the lender, not Plaintiffs.  *See In re Halabi*,

19  184 F.3d 1335, 1337-38 (11th Cir. 1999) (explaining that an "assignment of the mortgagee's

20  interest—whether recorded or not—does not change the nature of the interest of the mortgagor…");

21  *In re Cook*, 457 F.3d 561, 567 (6th Cir. 2006)) (bank's interest in the property did not belong to the

22  mortgagors; *In re Ahmadi*, 467 B.R. 782, 791 (Bankr. M.D. Pa. 2012) ("The assignment of a

23  mortgage … from one holder to another is not a transfer of property of the [borrower]."); *accord In

24  re Doble,* 2011 WL 1465559, *10 (Bankr. S.D. Cal. Apr. 14, 2011).  Under California law, except as

25  otherwise provided by statute, "every action must be prosecuted in the name of the real party in

26  interest."  Code Civ. Proc. § 367; *see also Dino v. Pelavo*, 145 Cal.App.4th 347, 353 (2006).  The

27  "real party in interest" is the person or entity that owns title to the property and therefore has a right

28  to sue under the substantive law, as opposed to others that may be interested or benefit from

1   litigation.  *Gantman*, 232 Cal.App.3d at 1566.  Here, Plaintiffs have no such interest in the

2   Assignment of the Deed of Trust.

3           In addition, under the terms of the deed of trust, the beneficiary was expressly free to assign

4   it without advance notice to Plaintiffs.  "Because a promissory note is a negotiable instrument, a

5   borrower must anticipate it can and might be transferred to another creditor.  As to plaintiff, an

6   assignment merely substituted one creditor for another, without changing her obligations under the

7   note."  *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 272 (2011).  As in *Fontenot*, the

8   deed of trust here identified Plaintiffs as "Borrowers" and stated that "[t]he Note or a partial interest

9   in the Note (together with this [Deed of Trust]) can be sold one or more times without prior notice to

10  Borrower."  Compl., ¶ 23, Exh. 7.  The Deed of Trust also provides that the entity to whom Plaintiffs

11  must make payments may change:  "A sale might result in a change in the entity (known as the

12  "Loan Servicer") that collects Periodic Payments due under the Note and this [Deed of Trust] and

13  performs other mortgage loan servicing obligations under the Note, this [Deed of Trust], and

14  Applicable Law.  There might also be one or more changes of the Loan Servicer unrelated to a sale

15  of the Note."  *Id*.  Thus, Plaintiffs were put on notice both that the deed of trust could be assigned to

16  another entity and that the party to whom Plaintiffs made their loan payments might change.

17          Were that not enough, assignments of deed of trust need not be recorded in California in

18  order to be effective.  *Calvo v. HSBC Bank USA, N.A.*, 199 Cal.App.4th 118, 121-22 (2011)

19  (assignments of deeds of trust need not be "recorded in order for the assignee to exercise the power

20  of sale"); *Herrera v. Federal Nat. Mortg. Assn.*, 205 Cal.App.4th 1495, 1507 (2012) (holding that

21  allegations with respect to a recorded assignment did not state a claim because the debt could have

22  been assigned "in an unrecorded document not disclosed to plaintiffs").  Simply put, there is no

23  requirement in California that assignments of deeds of trust must be recorded in the public record.

24  Thus, there was no need to immediately record any assignment of the subject loan to the Trust at the

25  time of transfer.  Instead, as many courts have recognized, some servicers (although not required)

26  nonetheless choose to memorialize prior transfers in the public records prior to proceeding with a

27  nonjudicial foreclosure sale.  *See In re Macklin,* 495 B.R. 8, 26 (Bankr. E.D. Cal. 2013) ("It is not

28  unusual for there not to be an assignment of the deed of trust every time a promissory note is

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

6

transferred from buyer to subsequent buyer. Instead, only at the eleventh hour when the final buyer has to proceed with a nonjudicial foreclosure sale is an assignment of the deed of trust recorded.").

Thus, the fact that the assignment of the loan to the Trust was memorialized in the public records in 2017 does not have any bearing as to whether the loan was properly assigned to the Trust prior to this date.  Nor does this recorded assignment have any bearing on whether there were any purported violations of the PSA.  Plaintiffs do not allege any facts suggesting the contrary.

Similarly, Plaintiffs offer no facts that would suggest that Deutsche Bank Trustee is not in possession of the note.  A "person in possession of a negotiable instrument that is payable … to bearer" is a "holder." Cal. Com. Code § 1201(21)(A).  Importantly, a promissory note initially payable to a named individual becomes "payable to bearer" if the original payee indorses the note in blank.  So indorsed, the note "may be negotiated by transfer of possession alone."  Cal. Com. Code § 3205.  Once a party has established it is a holder of a promissory note, i.e., in possession of the original note, its right to enforce the note derives solely from its status as a holder—no evidence of ownership is necessary. Cal. Com. Code § 3301 [the possessor of a bearer instrument may enforce it "even though the person is not the owner of the instrument"]; *Creative Ventures, LLC v. Jim Ward & Assocs.*, 195 Cal.App.4th 1430, 1447  (2011); *In re Pak*, 2011 WL 7145763, *3 ; *In re Aniel*, 427 B.R. 811, 816 (Bankr. N.D. Cal. 2010).  Indeed, Plaintiffs' own exhibits show that the Note was endorsed in blank.  Thus, Plaintiffs cannot state any facts to suggest that Deutsche Bank Trustee is not in possession of the Note.

Thus, given that Plaintiffs' first claim for fraud, second claim for wrongful foreclosure, third claim for quiet title, fifth claim for cancellation of instruments, sixth claim for negligent misrepresentation, and ninth claim for unfair business practices rests upon a theory which fails as a matter of law, they are subject to dismissal without leave to amend.

### C.       Plaintiffs' First and Sixth Claims for Fraud and Negligent Misrepresentations Fail

The elements of a fraud claim under California law are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or 'scienter'); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.  *Lazar v.*

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

MOTION TO DISMISS COMPLAINT
*Osburn v. OneWest Bank, et al.*, Case No. 1:18-cv-00310-LJO-SAB

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

*Superior Court*, 12 Cal. 4th 631, 638 (1996). The elements of a negligent misrepresentation cause of action are identical, except there is no requirement of intent to induce reliance.  *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004), *as modified* (Dec. 30, 2004).

As noted above, Plaintiffs' basis for their first claim for fraud and sixth claim for negligent misrepresentation are based on the improper securitization of the Loan, as the Note was not transferred to the Trust prior to the Closing Date of the Trust of April 27, 2006.  However, as noted above, Plaintiffs' claim fail as a matter of law, as Plaintiffs cannot challenge the assignment of their Loan. Further, to the extent that Plaintiffs contend that Defendants have defrauded them with respect to the signature on the Note being only that of Ronald Osburn, and did not include Sadie Osburn's signature, it does not indicate any fraudulent activity, justifiable reliance, or even any resulting damage.  As noted above, Plaintiff Ronald Osburn was the sole borrower under the Promissory Note, and thus Sadie's signature is not necessary in order for Ocwen to enforce the Note's provisions. See Compl., Exh. 15 (modification listing Ronald Osburn as the sole borrower).

Furthermore, even if Plaintiffs had alleged an actual misrepresentation by Defendants (which they did not), or even that said misrepresentation was done knowingly and with intent to defraud (which they do not), Plaintiffs fail to allege any justifiable reliance or resulting damage.  Thus, Plaintiffs' first and sixth claims are subject to dismissal.

**D.     Plaintiffs' Second Claim for Wrongful Foreclosure Fails.**

As an initial matter, to the extent that Plaintiffs' wrongful foreclosure claim is based upon their allegations that none of the Defendants have standing to foreclose, their wrongful foreclosure claim fails, as these theories fail as a matter of law.  Further, to state a claim for wrongful foreclosure, Plaintiffs must allege "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering."  *Lona v. Citibank*, N.A., 202 Cal.App.4th 89, 104, 134 (2011).

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

However, Plaintiffs' wrongful foreclosure claim must fail at the outset as no foreclosure sale has occurred, and thus Plaintiffs' wrongful foreclosure claim is premature.  Furthermore, Plaintiffs have not alleged that they tendered (or had the ability to tender) the amount of the secured indebtedness as required for a wrongful foreclosure claim.  Indeed, given Plaintiffs' numerous bankruptcy filings and continued delinquency, Plaintiffs cannot, in good faith, allege facts that would support their ability to tender.  Plaintiffs' wrongful foreclosure claim is subject to dismissal.

### E.  Plaintiffs' Quiet Title Claim Fails.

To state a claim for quiet title, a complaint must be verified and must include: (1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims.  Code Civ. Proc. § 761.020.  In addition, in order to quiet title in plaintiff's name alone, a plaintiff must do equity by paying what he/she owes on any debt secured by the property.  *Aguilar v. Bocci,* 39 Cal.App.3d 477-478 (1974).

As an initial matter, Plaintiffs quiet title claim must fail because they do not allege that they have tendered the entire amounts owed under the Loan.  It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured.  *Miller v. Provost*, 26 Cal.App.4th 1703, 1707 (1994); *accord Aguilar,* 39 Cal.App.3d at 477 (trustor is unable to quiet title without discharging his debt); *accord Hamilton v. Bank of Blue Valley*, 746 F.Supp.2d 1160, 1177 (E.D. Cal. Oct. 20, 2010).  The tender rule is strictly applied in California.  *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439 (2003); *see Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 580 (1984) (tender must be of the "full amount of the debt for which the property was security" and "unconditional to be valid").  Plaintiffs make no such factual allegations of tender.  Nor can they, given their numerous bankruptcy filings.

Even if Plaintiffs did allege the good faith ability to tender, Plaintiffs' quiet title claims remain deficient as a matter of law.  As noted above, Plaintiffs' entire complaint rests upon allegations that Defendants lack standing to initiate foreclosure proceedings based on their claims

9

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1   that the Loan was improperly securitized.  These theories fail.  Thus, Plaintiffs' quiet title claim is

2   subject to dismissal without leave to amend.

3       **F.     Plaintiffs' Fourth Claim for RESPA Violations Fails**

4       Furthermore, Plaintiffs' conclusory allegations regarding a purported qualified written

5   request ("QWR") under section 2605(e) of RESPA do not state a claim against Ocwen.  "A loan

6   servicer only has a duty to respond if the information request is related to loan servicing.'" *Lawther*

7   *v. Onewest Bank*, No. C10-0054 RS, 2010 WL 4936797 at *6 (N.D. Cal., Nov. 30, 2010) (quoting

8   *Copeland v. Lehman Bros. Bank*, FSB, No. 09–1774, 2010 WL 2817173, at *3 (S.D. Cal. July 15,

9   2010)).  "If a loan servicer fails to comply with the provisions of [section] 2605, a borrower shall be

10  entitled to any actual damages to the borrower as a result of the failure' and any additional damages,

11  as the court may allow, in the case of a pattern or practice of noncompliance with the requirements

12  of [section 2605]." *Id.* (quotation marks and citations omitted).

13      As an initial matter, Plaintiffs' Complaint fails to attach a copy of the purported QWR sent to

14  Ocwen.  Nor does the Complaint contain sufficient factual allegations to determine whether the letter

15  Plaintiffs refer to sufficiently constitutes a QWR under RESPA.  For example, Plaintiffs fails to

16  allege that they identified any specific error in their purported QWR regarding the servicing of their

17  account, nor do they allege what information they actually sought. 12 U.S.C. § 2605(e)(1)(B)(ii).

18  Furthermore, a servicer is not required to respond to a purported QWR request if it determines that

19  the borrower is seeking duplicative information that was already provided to the borrower,

20  confidential or privileged information, irrelevant information, or overbroad requests for information.

21  12 C.F.R § 1024.36(f).  The Complaint lacks factual allegations to determine whether a response

22  was even required under RESPA.  *See Simmons v. Aurora Bank FSB,* No. 5:13-cv-00482-HRL, 2016

23  WL 192571 *10 (N.D. Cal. Jan. 15, 2016) (conclusory allegations regarding purported QWR were

24  insufficient to state a claim under RESPA); *accord Evans v. Nationstar Mortgage, LLC*, 2:15-cv-

25  1213-JAM, 2015 WL 6756255 *8 (E.D. Cal. Nov. 5, 2015) (allegations regarding QWR under

26  RESPA were insufficient where defendants were unable to determine whether the letter qualified as

27  an exception to the response requirement under section 1024.36(f)); *see also Petrovich v. Ocwen*

28  *Loan Servicing, LL*C, No. 15-cv-00033-EMC, 2016 WL 555959 *8 (N.D. Cal. Feb. 12, 2016) (letter

10

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1  did not qualify as QWR under RESPA where borrower sought information unrelated to the servicing

2  of her loan); *see Anderson v. U.S. Bank, N.A, 5:13-cv-00636-PSG,* 2014 WL 47087 *5(N.D. Cal.

3  Jan. 6, 2014) ("The allegations do not provide notice as to what information was sought, when it was

4  sought, and what, if any, objections U.S. Bank lodged. Without more, the court and U.S. Bank do

5  not have adequate notice of the nature of the REPSA violation.").

6  Nor do Plaintiffs allege any damages that resulted from Ocwen's purported failure to

7  adequately respond to their November 26, 2017 correspondence. *Simmons*, 2016 WL 192571 at *10

8  (allegations that defendants concealed the true owner of a loan and failed to properly credit mortgage

9  payments did not show a causal relationship between alleged damages and purported RESPA

10  violation); *accord Petrovich*, 2015 WL 3561821 at *2) ("a reduction in credit rating is not sufficient

11  damage to support a RESPA claim"); *Anokhin v. BAC Home Loan Servicing, LP,* 2010 WL 3294367

12  at *3 (E.D.Cal. Aug. 20, 2010) ("Plaintiff's conclusory statement that she suffered negative credit

13  ratings does not itself establish actual [RESPA] damages."); *Jenkins*, 216 Cal.App.4th at 532

14  ("harms generally resulting from a plaintiff's default and the foreclosure of his or her home" are not

15  sufficient to plead actual damages under RESPA).  Thus, Plaintiffs' claim is subject to dismissal as it

16  is inadequately pled.

17  **G.**     **Plaintiff's Fifth Claim for Cancellation of Instruments Fails.**

18  "A request to cancel [an instrument] is 'dependent upon a substantive basis for liability, [and

19  has] no separate viability.'" *Yazdanpanah v. Sacramento Valley Mortgage Group*, 2009 WL

20  4573381, *6 (N.D. Cal. Dec. 1, 2009) (quoting *Glue-Fold, Inc. v. Slautterback Corp.*, 82

21  Cal.App.4th 1018, 1023 n.3 (2000)).  Here, Plaintiffs seek to cancel the recorded Assignment,

22  Notice of Default, and Notice of Trustee's Sale.  However, as discussed above, each claim asserted

23  against Defendants that could form the basis for Plaintiffs' cancellation of instrument claim fails.

24  The request for cancellation of instruments must also fail as a result.  *See Bridgeman v. U.S.*, 2011

25  WL 221639, *17 (E.D. Cal. Jan. 21, 2011) ("[B]ecause … plaintiff's other claims for relief should

26  be dismissed, plaintiff's claim for cancellation should be dismissed as well.").

27  Even if Plaintiffs had pled a cognizable cause of action against Defendants—and they have

28  not—in order to plead a claim for cancellation of instrument pursuant to Cal. Civ. Code § 3412,

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1    Plaintiffs "must show that he will be injured or prejudiced if the instrument is not cancelled, and that

2    such instrument is void or voidable." *Lazo v. Summit Management Co.*, 2014 WL 3362289 at *11

3    (E.D. Cal. July 9, 2014)(citations omitted).  As discussed above, Plaintiffs' standing-based claims

4    are without merit.  Accordingly, Plaintiffs have not pled sufficient facts to demonstrate that the

5    instruments are void or voidable.

6        Further, Plaintiffs have not alleged facts to support claims of prejudice.  *Lazo*, 2014 WL

7    3362289 at *11 (citing *Dick v. Am. Home Mortg. Servicing, Inc.*, 2014 WL 172537 *7 (E.D. Cal.

8    Jan. 15, 2014) (finding "plaintiffs cannot allege prejudice here because they cannot plausibly allege

9    that the improper assignment affected their inability to pay their debt" and dismissing the

10   cancellation of instruments claim with prejudice.)  Plaintiffs do not allege that more than one entity

11   concurrently attempted to (1) collect mortgage payments on the loan or (2) foreclose on the Property.

12   Thus, even if the assignments of the debt were invalid (and no party to the alleged assignments

13   suggests that they are), the only "victim" would be "the [assignor], which…. suffered the

14   unauthorized loss of a [valuable] promissory note," not Plaintiffs.  See *Herrera*, 205 Cal. App. 4th at

15   1508 (quoting *Fontenot*, 198 Cal. App. 4th at 272).  For all of these reasons, Plaintiffs' cancellation

16   of instruments claim is subject to dismissal.

17       **H.    Plaintiffs' Seventh Claim for Breach of Contract Fails.**

18       To state a claim for breach of contract, a plaintiff must assert: (1) the existence of a contract;

19   (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damage to

20   the plaintiff.  *Wall St. Network, Ltd. v. N.Y. Times Co.*, 164 Cal.App.4th 1171, 1178 (2008).

21       However, "it is elementary that one party to a contract cannot compel another to perform

22   while he himself is in default." *Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1367-1368

23   (2010) (citation omitted).  Here, Plaintiffs stopped making payments on the Loan prior to January

24   2016.  *See* Compl., Exh. 12 p. 3 (noting "Installment of Principal and Interest plus impounds and/or

25   advances which became due on 01/01/2016…").  Plaintiffs allege that Ocwen breached the loan

26   modification beginning in 2016, after they stopped making payments.  Thus, Plaintiffs cannot bring

27   this claim for breach of contract, as they had failed to perform under its terms.  Their breach of

28   contract claim should be dismissed without leave to amend.

## I.    Plaintiffs' Eighth Claim for TILA Violations Fails

Plaintiffs claim that Ocwen violated the Truth in Lending Act ("TILA") by failing to provide them with monthly mortgage statements, refusing to communicate with Plaintiffs, and "den[ying] their request to make regular monthly mortgage payments" beginning in 2016.   Compl., ¶126.

However, Plaintiffs cannot recover for any purported violations of TILA that occurred prior to March 2, 2017, as their claims have lapsed.  *See* 15 U.S.C. § 1640(e) (one-year statute of limitations from the date of the violation to bring a claim under 15 U.S.C. § 1638, and three-year statute of limitations from the date of the violation to bring a claim 15 U.S.C. § 1639).  Plaintiffs complain of TILA violations that purportedly began January 1, 2016.  Yet, Plaintiffs did not file this Complaint until March 3, 2018, over two years after the initial TILA violations.  Thus, Plaintiffs' claim should be at least partially dismissed as time barred.

Furthermore, Plaintiffs' allegations fail to support a claim for damages.  15 U.S.C. § 1638(f)(1) reads as follows:

> The creditor, assignee, or servicer with respect to any residential mortgage loan shall transmit to the obligor, for each billing cycle, a statement setting forth each of the following items, to the extent applicable, in a conspicuous and prominent manner:
> (A) The amount of the principal obligation under the mortgage.
> (B) The current interest rate in effect for the loan.
> (C) The date on which the interest rate may next reset or adjust.
> (D) The amount of any prepayment fee to be charged, if any.
> (E) A description of any late payment fees.
> (F) A telephone number and electronic mail address that may be used by the obligor to obtain information regarding the mortgage.
> (G) The names, addresses, telephone numbers, and Internet addresses of counseling agencies or programs reasonably available to the consumer that have been certified or approved and made publicly available by the Secretary of Housing and Urban Development or a State housing finance authority (as defined in section 1441a-1 of Title 12).
> (H) Such other information as the Board may prescribe in regulations.

As an initial matter, any purported "refusal to communicate" and "denial [of] their request to make regular monthly mortgage payments" does not violate 15 U.S.C. § 1638 (f)(1).  Furthermore, to state a claim under Section 1638(f)(1), a plaintiff must plead "actual damage sustained by such person as a result of the failure."  15 U.S.C. § 1640(a)(1); *accord In re Ferrell*, 539 F.3d 1186, 1191 (9th Cir. 2008) (statutory damages under for TILA are only available for a "closed list of violations of § 1638(a)(2)").  Plaintiff fails plead facts showing actual damage as a result of the alleged

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1  violation.  While Plaintiffs attempt to claim damage by being unable to ascertain their monthly

2  payment amounts, 15 U.S.C. § 1638(f)(1) does not require such information on the billing cycle

3  statement.  Thus, they fail to state a claim under Section 1638(f)(1).

4       **J.       Plaintiffs' Ninth Claim for Unfair Business Practices Fails**

5           To state a claim under the California Business and Professions Code Section 17200 ("UCL"),

6  a plaintiff must allege that a given defendant engaged in an "unlawful, unfair or fraudulent business

7  act or practice" which caused the plaintiff to suffer "injury in fact" and "lost money or property."

8  *See* Bus. & Prof. Code § 17204; *Bernardo v. Planned Parenthood Fed. of America*, 115 Cal. App.

9  4th 322 (2004).  In doing so, "[a] plaintiff must state with reasonable particularity the facts

10  supporting the statutory elements of the violation."  *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th

11  612, 619 (1993).

12           However, as an initial matter, Plaintiffs do not have standing to bring this claim.  To have

13  standing to pursue a claim under the UCL, a private plaintiff must allege that he or she "has suffered

14  injury in fact and has lost money or property" as a result of the alleged business practices.  Bus. &

15  Prof. Code §17204; *see R&B Auto Ctr., Inc. v. Farmers Group, Inc.*, 140 Cal.App.4th 327, 360

16  (2006) (plaintiff must have suffered monetary or property loss to have standing under the UCL).

17  First, the Property had not been sold at foreclosure sale.  Furthermore, Plaintiffs cannot demonstrate

18  any loss of money as a result of the supposedly unfair business practices, as they had been behind in

19  their mortgage payments since 2015, prior to January 2016, the time of the acts they complain about.

20  Thus, any payments they might have made were not the "result of" the supposed improper business

21  practices, as Plaintiffs have made none.

22           Importantly, it is Plaintiffs' own default and failure to make payments on the loan that is the

23  cause of the foreclosure process.  Plaintiffs' failure to make their monthly mortgage payments since

24  prior to 2016, as opposed to Defendants' conduct, caused the pending foreclosure.  *DeLeon v. Wells*

25  *Fargo Bank, N.A.*, 2011 WL 311376, *7 (N.D. Cal. Jan. 28, 2011) (dismissing analogous claims

26  because "the Court cannot reasonably infer that [defendant's] alleged misrepresentations resulted in

27  the plaintiffs' home.  Rather, the facts alleged suggest that plaintiffs lost their home because they

28  became unable to keep up with monthly payments and lacked the financial resources to cure the

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

14

1    default. … For this reason, plaintiffs lack standing to sue under the UCL, and the claim must be

2    dismissed."); *Argueta v. J.P. Morgan Chase*, 2011 WL 2619060, *5 (E.D. Cal. June 30, 2011)

3    (dismissing UCL claim because "plaintiff would still be faced with the possible loss of the property

4    even if defendants had not engaged in the alleged conduct …"); *see also Jenkins v. JP Morgan*

5    *Chase Bank*, 216 Cal.App.4th 497, 523 (2013) ("Jenkins's home was subject to nonjudicial

6    foreclosure because of Jenkins's default on her loan, which occurred before Defendants' alleged

7    wrongful acts, [and thus] Jenkins cannot assert the impending foreclosure of her home [i.e., her

8    alleged economic injury] was caused by Defendants' wrongful actions.").  Indeed, as Plaintiffs have

9    not lost any money or property, they cannot satisfy the Article III standing necessary to pursue this

10   cause of action in federal court.  *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1001-02 (9th Cir. 2001)

11   ("[A] plaintiff whose cause of action is perfectly viable in state court under state law may

12   nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot

13   demonstrate the requisite injury.").

14          Even if Plaintiffs had standing, their UCL claim is deficient, as they fail to allege any

15   "unlawful, unfair or fraudulent business act or practice."  To the extent their claim is brought under

16   the "unlawful" prong of the UCL, it fails because it is derivative of their other failed legal claims.

17   Plaintiffs' claim for relief also fails to properly allege the violation of any other law.  *See Krantz v.*

18   *BT Visual Images, LLC*, 89 Cal. App. 4th 164, 178 (2001) ("unlawful" prong requires underlying

19   violation of law); *Pantoja v. Countrywide Home Loans, Inc.,* 640 F. Supp. 2d 1177, 1190-91 (N.D.

20   Cal. 2009) ("[S]ince the Court has dismissed all of the Plaintiff's predicate violations, Plaintiff

21   cannot state a claim under the unlawful business practice prong of the UCL.").

22          And to whatever extent Plaintiffs attempt to bring claims under the UCL's "unfair" or

23   "fraudulent" prong, their UCL claim again fails.  An "unfair" practice must be "tethered" to specific

24   "constitutional, statutory, or regulatory provisions."  *Scripps Clinic v. Superior Court*, 108

25   Cal.App.4th 917, 940 (2003).  Here, as above, Plaintiffs claims rest upon allegations that none of the

26   Defendants have standing to foreclose and Ocwen did not honor the 2010 Modification agreement.

27   Again, Plaintiffs' claims lack merit.  Because Plaintiffs fail to plead, with particularity, that

28   Defendants engaged in such "unfair" practices, they fail to state a claim under the "unfair" prong.

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1 *See Khoury,* 14 Cal.App.4th at 619 (UCL claims must be pled with particularity); *Simila v. American*

2 *Sterling Bank,* 2010 WL 3988171, *6 (S.D. Cal. Oct. 12, 2010) (dismissing UCL claim because

3 "Plaintiffs have not sufficiently 'tethered' their allegations of unfair competition to any underlying

4 law").

5        Further, "to state a claim under the UCL based on fraudulent conduct, a plaintiff must allege,

6 with particularity, facts sufficient to establish that the public would likely be deceived by

7 Defendants' conduct." *Perez v. Wells Fargo Bank, N.A.*, 2011 WL 3809808, *16 (N.D. Cal. Aug,

8 29, 2011). Again, the crux of Plaintiffs' complaint rests upon their claims that Defendants were

9 never properly assigned beneficial interest in the Loan, and thus lack standing to foreclose.

10 However, as noted above, Plaintiffs' premise fails. Thus, Plaintiffs fail to state a claim under the

11 "fraudulent" prong. *See id.* at *16 (dismissing UCL claim explaining that "Plaintiffs have not met

12 this standard because they have not identified specific deceptive statements or omissions … or

13 alleged facts showing why those specific statements or omissions would be likely to deceive the

14 public."); *Altman v. PNC Mortg.*, 850 F.Supp.2d 1057, 1078-79 (E.D. Cal., 2012) (dismissing UCL

15 claim because "[t]he complaint … lacks … facts to describe how consumers were deceived");

16 *Khoury*, 14 Cal.App.4th at 619 (UCL claim lacked requisite particularity where plaintiff did not

17 explain the manner by which the defendant allegedly mislead the plaintiff's customers).

18 **IV.    CONCLUSION**

19        For the foregoing reasons, Defendants respectfully request that the Court grant their Motion

20 to Dismiss as to the entire Complaint.

21 Dated:  April 9, 2018           Respectfully submitted,

22                         LOCKE LORD LLP

23

24                         By:   */s/ Meagan S. Tom*

25                            Regina J. McClendon

26                            Meagan S. Tom
                     Attorneys for Defendants Ocwen Loan Servicing, LLC;

27                      Deutsche Bank National Trust Company, as Trustee for
                     IndyMac Indx 2006-AR11; Western Progressive Trustee,

28                      LLC dba Western Progressive LLC; and Mortgage
                     Electronic Registration Systems, Inc.

16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

MOTION TO DISMISS COMPLAINT
*Osburn v. OneWest Bank, et al.*, Case No. 1:18-cv-00310-LJO-SAB