# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD OSBURN, an individual, and, SADIE OSBURN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ONEWEST BANK, et al.,<br><br>Defendants. | 1:18-cv-00310-LJO-SAB<br><br>**ORDER DISSOLVING TEMPORARY RESTRAINING ORDER (ECF No. 16)** |

In the interest of expedience, the Court hereby incorporates by reference its prior orders in this case. *See* ECF Nos. 5, 16 & 26. In its most recent order, dated April 6, 2018, the Court ordered Plaintiffs to show cause why the currently operative TRO should not be dissolved. ECF No. 26. As that order explained, the Court's likelihood of success inquiry is focused on Plaintiffs' breach of contract claim. *Id*. at 2. To state a claim for breach of contract, a plaintiff must assert: (1) the existence of a contract; (2) <u>plaintiff's performance or excuse for nonperformance</u>; (3) defendant's breach; and (4) damage to the plaintiff. *Wall St. Network, Ltd. v. N.Y. Times Co*., 164 Cal. App. 4th 1171, 1178 (2008). Critically, as the Court explained, "[i]t is elementary that one party to a contract cannot compel another to perform

1

while he himself is in default." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367-1368 (2010) (internal citation omitted).

On April 9, 2018, in response to the OSC, Plaintiff Ron Osburn submitted a declaration indicating that he never received monthly mortgage statements in 2016, ECF No. 27 at ¶10, and that in early 2016, Ocwen Loan Servicing, LLC ("Ocwen") shut down Plaintiffs' mortgage account. *Id.* at ¶3. Thereafter, Mr. Osburn claims to have repeatedly attempted to contact Ocwen, only to be told by Ocwen representatives that Plaintiffs' loan account was subject to an "Automatic Stay" due to a purported bankruptcy and that Ocwen would not accept payments to the account. *Id.* at ¶¶ 3 & 6. Mr. Osburn further contends, and submits bank statements to prove, that during this period he had ample funds to pay his mortgage. *Id.* at ¶ 5 & Ex. 1.

However, even assuming, *arguendo*, that these facts excuse any attempt by Plaintiff to make monthly mortgage payments during 2016, Plaintiffs fail to rebut Defendants' documentary evidence indicating Plaintiffs were already in default as of late 2015. ECF No. 21 at ¶ 9 & Ex. 6 (mortgage statements dated 10/16/15 and 11/16/15 indicating past due amount more than double Plaintiffs' regular payment amount). Moreover, Plaintiffs admit that they received at least one Notice of Default from Western Progressive LLC in advance of filing this lawsuit. One such Notice, dated March 20, 2017, is attached to Plaintiffs' complaint. *See* ECF No. 1-13 (Ex. 12). That Notice plainly indicates that the past due amount on their mortgage was, at the time of that Notice, $18,931.43. *Id.* at 1. The Notice also indicates how Plaintiffs could have obtained a written itemization of the entire amount they needed to pay and to whom any such inquiries should have been directed. *Id.* Yet Plaintiffs have submitted no information demonstrating that they attempted to tender the amount due to the lender or the lender's agent. The fact that Plaintiffs may have been in bankruptcy during some period of time in 2017 is no excuse, as they still could have made efforts to tender payment after the closure of their bankruptcy case in February 2018. Failure to make payments on the terms required by a mortgage loan constitutes non-performance and ordinarily bars a plaintiff from prevailing on a breach of contract claim based on that

loan. *Rose v. J.P. Morgan Chase*, N.A., No. CIV. 2:12-225 WBS, 2014 WL 546584, at *6 (E.D. Cal. Feb. 11, 2014). Plaintiffs therefore have failed to demonstrate likelihood of success on their breach of contract claim. Accordingly, there is no basis for continued operation of the TRO.

## **CONCLUSION**

For the reasons set forth above, the TRO, ECF No. 16, is DISSOLVED.

IT IS SO ORDERED.

Dated: **April 10, 2018**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE