CATARINA M. BENITEZ SBN 256518
BENITEZ LAW FIRM P.C.
475 Bullard Avenue
Clovis, CA 93612
Telephone: (559) 472-7337
Facsimile: (559) 579-1100

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| RONALD OSBURN, an individual, and SADIE OSBURN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ONEWEST BANK, A DIVISION OF CIT BANK, N.A. (A/K/A CIT BANK, N.A.), DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR INDYMAC INDX 2006-AR11; OCWEN LOAN SERVICING LLC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WESTERN PROGRESSIVE, LLC and DOES 1 through 150, inclusive,<br><br>Defendants. | Case No. 1:18-cv-00310-LJO-SAB<br><br>**PLAINTIFFS' APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>**Courtroom: 4** |

## NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

**PLEASE TAKE NOTICE** that Plaintiffs, Ronald Osburn and Sadie Osburn hereby move for an order shortening time for briefing and a hearing on their Motion for Leave to File First Amended Complaint, filed concurrently herewith.

-1-

Good cause exists to grant Plaintiffs' application. Defendants' counsel was noticed on June 4, 2018 for a hearing on June 13, 2018 given the court's availability. After Plaintiffs' counsel provided notice regarding the filing of this Motion, a response was not received by Defendants' counsel. Prior attempts were made by Plaintiffs' counsel to obtain a stipulation for the filing of their First Amended Complaint, however, a stipulation was not reached. Plaintiffs hereby seek to have their motion heard as soon as possible to ensure their ability to participate in this matter prior to the time the Motion to Dismiss hearing is heard. As set forth in the declaration of Plaintiffs' counsel, the matter could not be placed on calendar sooner given Plaintiffs' medical issues and leave of absence.

The Application is based upon this Notice, the Memorandum of Points and Authorities, Plaintiffs' Amended Complaint, attached exhibits, the Declaration of Catarina M. Benitez, and the [Proposed] Order filed herewith, on all of the files and records of this action, and on any additional material that may be elicited at the hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Through this motion, Plaintiffs seek leave to file its Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). Plaintiffs' First Amended Complaint, attached hereto as Exhibit A, seeks to strike the cause of action related to the Real Estate Settlement Procedures Act, and amends information regarding the remaining causes of action. Plaintiffs' Amended Complaint does not cause any prejudice to Defendants and should be permitted.

### II. STATEMENT OF FACTS

Plaintiffs filed this lawsuit on February 28, 2018. Defendants filed a Motion to Dismiss on or about April 9, 2018. From the time of the service of the noticed motion to the present, counsel for Plaintiffs had been in communication with Defendants' counsel about her hospitalizations and ultimate delivery of her child in May, 2018. It was Plaintiffs' counsel's belief that an extension of time would be made in which to file a response to the Motion to Dismiss or an amended complaint. As of the time of filing of this Motion, Plaintiffs' counsel

-2-

PLAINTIFFS' APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

has not been medically cleared to return to work, however, given the exigency of the response time, this motion is being filed. (See Declaration of Catarina M. Benitez, attached herewith)

Additionally, since the filing of Plaintiffs' initial complaint, Plaintiffs have discovered new information regarding the wrongful foreclosure claims, and have been faced with a new trustee's sale date, thereby necessitating the filing of this Amended Complaint. On May 29, Plaintiffs' counsel contacted Defendants' counsel to seek written consent to the amendment pursuant to Federal Rule of Civil Procedure 15, however, Defendants' counsel does not consent to the filing of this Amended Complaint. Accordingly, Plaintiffs seek an order permitting them to file the proposed Amended Complaint.

### III. ARGUMENT

#### A. Leave Should Be Granted To Amend the Complaint.

**1. Leave Is Freely Granted.**

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The United States Supreme Court, the Ninth Circuit, and this Court have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given); Cooper Development Co. v. Employers Insurance of Wausau, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (courts have been "quite liberal" in granting leave to amend); Building Service Employees Pension Trust v. Horsemen's Quarter Horse Racing Association, 98 F.R.D. 458, 459 (N.D. Cal. 1983) (same); see also Moore, 3-15 Moore's Federal Practice - Civil §15.14 ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a).").

Here, the filing of this First Amended Complaint and the motion for leave to amend have not been filed in bad faith, have not caused undue delay, and is not prejudicial to the opposing party, given that trial dates and corresponding deadlines have yet to be set.

///

///

-3-

PLAINTIFFS' APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

### B. Amendment Should Be Permitted.

Plaintiffs' First Amended Complaint is timely and should be allowed. This is Plaintiffs' first request to amend their complaint and is done within the liberal standard for freely allowing the amendment of pleadings. See Foman v. Davis, 371 U.S. 178, 182 (1962) ("In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment . . . the leave sought should, as the rules require, be 'freely given.'") Given Plaintiffs' counsel's hospitalization and the denial by Defendants' counsel to amend without the court's authority, Plaintiffs could not have filed an amended complaint within a shorter time frame.

Additionally, there is no prejudice to Defendants' counsel, as a trial date has not been set, discovery has not commenced in this matter, and Plaintiffs' First Amended Complaint does not change the nature of the lawsuit, nor are Defendants precluded from seeking discovery in relation to the First Amended Complaint. Accordingly, Defendants will not be prejudiced by an order granting leave to file Plaintiffs' First Amended Complaint. Since filing its original complaint, Plaintiffs had discovered new information about their cause of action for Defendants' violation of the Real Estate Settlement Procedures Act, have a postponed sale date to July 17, 2018, and have discovered new information regarding their wrongful foreclosure claims. Thus, Plaintiffs' motion for leave should be granted.

### IV. CONCLUSION

For the reasons discussed above, plaintiff respectfully seeks leave of this Court to file the proposed First Amended Complaint.

Dated: June 5, 2018                             BENITEZ LAW FIRM P.C.

                                                CATARINA M. BENITEZ,
                                                Attorney for Plaintiffs

PLAINTIFFS' APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT