LOCKE LORD LLP
Regina J. McClendon (SBN 184669)
rmcclendon@lockelord.com
Meagan S. Tom (SBN 273489)
meagan.tom@lockelord.com
44 Montgomery Street, Suite 4100
San Francisco, CA 94104
Telephone: (415) 318-8810
Fax: (415) 676-5816

Attorneys for Defendants
Ocwen Loan Servicing, LLC; Deutsche Bank National
Trust Company, as Trustee for IndyMac Indx 2006-AR11;
Western Progressive Trustee, LLC dba Western Progressive, LLC;
and Mortgage Electronic Registration Systems, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD OSBURN, an individual, and SADIE OSBURN, an individual,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ONEWEST BANK, A DIVISION OF CIT BANK, N.A. (A/K/A CIT BANK, N.A.), DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR INDYMAC INDX 2006-AR11; OCWEN LOAN SERVICING LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WESTERN PROGRESSIVE, LLC and DOES 1 through 150, inclusive,<br><br>    Defendants. | CASE NO.: 1:18-cv-00310-LJO-SAB<br><br>**DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO AMEND**<br><br><br><br><br>Date: June 20, 2018<br>Time: 10:00 a.m.<br>Dept.: Courtroom 4, 7th Floor<br><br>Complaint Filed: March 3, 2018 |

# TABLE OF CONTENTS

I. INTRODUCTION ..........................................................................................................1

II. LEGAL ARGUMENT ...................................................................................................1

    A. Applicable Legal Standard..................................................................................1

    B. Plaintiffs' Proposed Amendment Would be Futile Because it Still Fails to State a Claim against Defendants ...................................................................................2

        1. Plaintiffs Continue to Lack Standing to Challenge the Assignment of the Loan ... 2

    C. Plaintiffs' First and Sixth Claims for Fraud and Negligent Misrepresentations Remain Deficient............................................................................................................6

    D. Plaintiffs' Second Claim for Wrongful Foreclosure Remains Deficient. ........................7

    E. Plaintiffs' Quiet Title Claim Remains Deficient. ................................................................7

    F. Plaintiff's Fifth Claim for Cancellation of Instruments Fails. ........................................8

    G. Plaintiffs' Sixth Claim for Breach of Contract Remains Deficient. .............................9

    H. Plaintiffs' Seventh Claim for TILA Violations Fails.......................................................10

    I. Plaintiffs' Proposed Eighth Claim for Unfair Business Practices Fails......................11

III. CONCLUSION ..........................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguilar v. Bocci*,
    39 Cal.App.3d 477-478 (1974) ...................................................................................8

*In re Ahmadi*,
    467 B.R. 782 (Bankr. M.D. Pa. 2012) ........................................................................4

*Altman v. PNC Mortg.*,
    850 F.Supp.2d 1057 (E.D. Cal., 2012) ......................................................................14

*In re Aniel*,
    427 B.R. 811 (Bankr. N.D. Cal. 2010) ........................................................................6

*Argueta v. J.P. Morgan Chase*,
    2011 WL 2619060 (E.D. Cal. June 30, 2011) ...........................................................12

*Arnolds Management Corp. v. Eischen*,
    158 Cal.App.3d 575 (1984) .........................................................................................8

*Bernardo v. Planned Parenthood Fed. of America*,
    115 Cal. App. 4th 322 (2004) ....................................................................................11

*Bleavins v. Demarest*,
    196 Cal. App.4th 1533 (2011) .....................................................................................2

*Bridgeman v. U.S.*,
    2011 WL 221639 (E.D. Cal. Jan. 21, 2011) ................................................................8

*Cadlo v. Owens-Illinois, Inc.*,
    125 Cal. App. 4th 513 (2004) ......................................................................................6

*Calvo v. HSBC Bank USA, N.A.*,
    199 Cal.App.4th 118 (2011) ........................................................................................5

*In re Cook*,
    457 F.3d 561 (6th Cir. 2006) .......................................................................................4

*Creative Ventures, LLC v. Jim Ward & Assocs.*,
    195 Cal.App.4th 1430 (2011) ......................................................................................6

*DeLeon v. Wells Fargo Bank, N.A.*,
    2011 WL 311376 (N.D. Cal. Jan. 28, 2011) ..............................................................12

*Depner v. Joseph Zukin Blouses*,
    13 Cal.App.2d 124 (1936) ...........................................................................................4

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

*Dino v. Pelavo*,
  145 Cal.App.4th 347 (2006) .................................................................................................4

*In re Doble*,
  2011 WL 1465559 (Bankr. S.D. Cal. Apr. 14, 2011) .............................................................4

*Durell v. Sharp Healthcare*,
  183 Cal.App.4th 1350 (2010) ...............................................................................................10

*In re Ferrell*,
  539 F.3d 1186 (9th Cir. 2008) ...............................................................................................11

*Fontenot v. Wells Fargo Bank, N.A.*,
  198 Cal.App.4th 256 (2011) ...................................................................................................4

*Gantman v. United Pac. Ins. Co.*,
  232 Cal.App.3d 1560 (1991) ..............................................................................................2, 4

*In re Halabi*,
  184 F.3d 1335 (11th Cir. 1999) ..............................................................................................4

*Hamilton v. Bank of Blue Valley*,
  746 F.Supp.2d 1160 (E.D. Cal. Oct. 20, 2010) .......................................................................8

*Herrera v. Federal Nat. Mortg. Assn.*,
  205 Cal.App.4th 1495 (2012) .............................................................................................5, 9

*Jenkins v. JP Morgan Chase Bank*,
  216 Cal.App.4th 497 (2013) .................................................................................................12

*Johnson v. Buckley*,
  356 F.3d 1067 (9th Cir. 2004) ................................................................................................1

*Jones v. Aetna Casualty & Sur. Co.*,
  26 Cal.App.4th 1717 (1994) ...................................................................................................4

*Khoury v. Maly's of Cal., Inc.*,
  14 Cal. App. 4th 612 (1993) .....................................................................................12, 13, 14

*Krantz v. BT Visual Images, LLC*,
  89 Cal. App. 4th 164 (2001) .................................................................................................13

*Lazar v. Superior Court*,
  12 Cal. 4th 631 (1996) ............................................................................................................6

*Lazo v. Summit Management Co.*,
  2014 WL 3362289 (E.D. Cal. July 9, 2014) ...........................................................................9

*Lee v. Am. Nat. Ins. Co.*,
  260 F.3d 997 (9th Cir. 2001) ................................................................................................13

*Lona v. Citibank, N.A.*,
   202 Cal.App.4th 89, 104, 134 (2011) ...................................................................................7

*In re Macklin*,
   495 B.R. 8 (Bankr. E.D. Cal. 2013) ......................................................................................5

*Miller v. Provost*,
   26 Cal.App.4th 1703 (1994) .................................................................................................8

*Miller v. Rykoff–Sexton, Inc.*,
   845 F.2d 209 (9th Cir. 1988) ............................................................................................1, 2

*Morgan v. Aurora Loan Services, LLC*,
   646 Fed.Appx. 546 (9th. Cir. 2016) ......................................................................................3

*Murphy v. Allstate Ins. Co.*,
   17 Cal.3d 937 (1976) ............................................................................................................2

*Nguyen v. Calhoun*,
   105 Cal.App.4th 428 (2003) .................................................................................................8

*Nordyke v. King*,
   644 F.3d 776 (9th Cir. 2011) ................................................................................................2

*In re Pak*,
   2011 WL 7145763 (9th Cir. BAP Dec. 14, 2011) ................................................................6

*Pantoja v. Countrywide Home Loans, Inc.*,
   640 F. Supp. 2d 1177 (N.D. Cal. 2009) ..............................................................................13

*Perez v. Wells Fargo Bank, N.A.*,
   2011 WL 3809808 (N.D. Cal. Aug, 29, 2011) .............................................................13, 14

*R&B Auto Ctr., Inc. v. Farmers Group, Inc.*,
   140 Cal.App.4th 327 (2006) ...............................................................................................12

*Saterbak v. JPMorgan Chase Bank, N.A.*,
   245 Cal.App.4th 808 (2016) .................................................................................................3

*Saul v. United States*,
   928 F.2d 829 (9th Cir. 1991) ................................................................................................1

*Scripps Clinic v. Superior Court*,
   108 Cal.App.4th 917 (2003) ...............................................................................................13

*Simila v. American Sterling Bank*,
   2010 WL 3988171 (S.D. Cal. Oct. 12, 2010) .....................................................................13

*Trinity Park, L.P. v. City of Sunnyvale,*
   193 Cal.App.4th 1014 (2011) ...............................................................................................4

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

*Wall St. Network, Ltd. v. N.Y. Times Co.*,
    164 Cal.App.4th 1171 (2008) ............................................................................................. 9

*Yazdanpanah v. Sacramento Valley Mortgage Group*,
    2009 WL 4573381 (N.D. Cal. Dec. 1, 2009) ..................................................................... 8

*Yhudai v. IMPAC Funding Corporation*,
    1 Cal.App.5th 1252, 1259 (2016) ...................................................................................... 3

*Yvanova v. New Century Mortgage Corp.*,
    62 Cal.4th 919 (2016) .................................................................................................... 2, 3

**Statutes**

15 U.S.C. § 1638 .................................................................................................................. 10, 11

15 U.S.C. § 1639 ........................................................................................................................ 10

15 U.S.C. § 1640 .................................................................................................................. 10, 11

Cal. Bus. & Prof. Code § 17200 ........................................................................... 10, 11, 12, 13, 14

Cal. Bus. & Prof. Code § 17204 .......................................................................................... 11, 12

Cal. Civ. Code § 3412 .................................................................................................................. 9

Cal. Com. Code § 1201(21)(A) .................................................................................................... 6

Cal. Com. Code § 3205 ................................................................................................................ 6

Cal. Com. Code § 3301 ................................................................................................................ 6

Cal. Code Civ. Proc. § 367 .......................................................................................................... 4

Cal. Code Civ. Proc. § 761.020 ................................................................................................... 7

Fed. R. Civ. Proc. 12(b)(6) ....................................................................................................... 1, 2

## I. INTRODUCTION

Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Deutsche Bank National Trust Company, as Trustee for IndyMac Indx 2006-AR11 ("Deutsche Bank Trustee"), Western Progressive, LLC ("Western"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants") hereby submit this opposition to Plaintiffs Ronald Osburn and Sadie Osburn ("Plaintiffs") motion for leave to file an amended complaint.

As set forth in the Motion to Dismiss previously filed, Plaintiffs' initial complaint was subject to dismissal for a myriad of reasons. Plaintiffs' proposed amended complaint ("PAC") does not address the majority of these deficiencies. Despite pointing this out to Plaintiffs' counsel during the meet and confer process, Plaintiffs filed the instant Motion, choosing to ignore the glaring errors with the PAC. *See* Declaration of Meagan S. Tom ("Tom Decl."), ¶ 2, Ex. A. For reasons explained below, in the Motion to Dismiss, Defendants respectfully request that this Court deny Plaintiffs' motion, and grant Defendants' Motion to Dismiss (set to be concurrently heard), without leave to amend.

## II. LEGAL ARGUMENT

### A. Applicable Legal Standard

Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004), citing *Nunes v. Ashcroft,* 348 F.3d 815, 818 (9th Cir. 2003). "Futility alone can justify the denial of a motion to amend." *Id.* Here, in addition to the fact that Plaintiffs have previously amended the complaint, futility of the proposed amendment weighs in support of denying the Motion.

 "A district court does not err in denying leave to amend where the amendment would be futile...or would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991); *see also Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient."). The test for futility is whether the amendment can survive a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6). "A

proposed amended complaint is futile if it would be immediately 'subject to dismissal.'" *Nordyke v. King*, 644 F.3d 776, 788 n. 2 (9th Cir. 2011) (*quoting Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)), *aff'd on reh'g en banc on other grounds*, 681 F.3d 1041 (9th Cir. 2012); *see Miller*, 845 F.2d at 214 (explaining that the "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)").

### B. Plaintiffs' Proposed Amendment Would be Futile Because it Still Fails to State a Claim against Defendants

#### 1. Plaintiffs Continue to Lack Standing to Challenge the Assignment of the Loan

Like the initial Complaint, the crux of Plaintiffs' PAC rests upon allegations that Defendants somehow did not receive a proper assignment of the Loan. Based upon this claim, Plaintiffs again assert that Defendants lack standing to initiate foreclosure proceedings. However, again, Plaintiffs' theory must fail as a matter of law, as Plaintiffs do not have legal authority to challenge the assignment of their loan. Under California law, "'[s]omeone who is not a party to [a] contract has no standing to enforce the contract ….'" *Gantman v. United Pac. Ins. Co.*, 232 Cal.App.3d 1560, 1566 (1991) (citation omitted). Similarly, "'[s]omeone who is not a party to [a] contract has no standing to [challenge the performance of] the contract ….'" *Bleavins v. Demarest*, 196 Cal. App.4th 1533, 1542 (2011); (citations omitted, alterations in the original.) Further, under California law, "[a] third party should not be permitted to enforce covenants made not for his benefit …. As to any provision made not for his benefit but for the benefit of the contracting parties or for other third parties, he becomes an intermeddler." *Murphy v. Allstate Ins. Co.,* 17 Cal.3d 937, 944 (1976).

Here, Plaintiffs are not (nor do they allege to be in the proposed amended complaint) a party to any pooling and servicing agreement or any assignment of the subject loan. As a result, Plaintiffs do not have legal authority to challenge these documents. To the extent that Plaintiffs try to avoid this result by citing to *Yvanova v. New Century Mortgage Corp.*, 62 Cal.4th 919, 939 (2016) for the proposition that a borrower can challenge a "void" assignment of a deed of trust, the narrow ruling issued in *Yvanova* cannot save their failed claims for several reasons.

As an initial matter, *Yvanova* only applies to post nonjudicial wrongful foreclosure claims. "Our ruling in this case is a narrow one. We hold only that a borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in default on the loan and was not a party to the challenged assignment. We do not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed." *Yvanova,*, 62 Cal.4th at 920.  Here, no foreclosure sale has occurred.  Thus, Plaintiffs' wrongful foreclosure claim is premature, notwithstanding *Yvanova*.  *See Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal.App.4th 808, 815 (2016) (finding that *Yvanova* is "expressly limited to the post-foreclosure context" and does not provide for a pre-foreclosure cause of action to challenge an entity's authority to foreclose).

Furthermore, the Court in *Yvanova* did not "hold or suggest" that claims like those alleged by Plaintiffs would actually render an assignment void, instead of merely voidable.  In fact, the Supreme Court expressly did not decide this issue:  "Nor do we hold or suggest that plaintiff in this case has alleged facts showing the assignment is void or that, to the extent she has, she will be able to prove those facts."   *Yvanova,* 62 Cal.4th at 920.  Here, Plaintiffs' proposed amended complaint, like the initial complaint presents no plausible facts to support their claim that the assignment of their loan was void.  At most, the allegations might show that the assignment was *voidable*, but a borrower lacks standing to challenge a voidable assignment.   *Saterbak,* 245 Cal.App.4th at 815 (finding that an untimely or unauthorized assignment to a securitized trust is merely voidable, not void, and borrower did not have standing to challenge compliance with a PSA agreement on this basis) (citing *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 88–89  (2d Cir. 2014) ( "an unauthorized act by the trustee is not void but merely voidable by the beneficiary"); *accord Yhudai v. IMPAC Funding Corporation*, 1 Cal.App.5th 1252, 1259 (2016) ("a postclosing assignment of a loan to an investment trust that violates the terms of the trust renders the assignment voidable, not void, under New York law"); *accord Morgan v. Aurora Loan Services, LLC*, 646 Fed.Appx. 546, 550 (9th. Cir. 2016) (an untimely assignment of a loan into a trust is voidable, not void).

Again, under California law, "someone who is not a party to [a] contract has no standing to enforce it or to recover extra-contractual damages for the wrongful withholding of benefits to the contracting party." *Jones v. Aetna Casualty & Sur. Co.*, 26 Cal.App.4th 1717, 1724 (1994). Similarly, only a party to a contract, and wronged one at that, can seek to have a contract voided. *See Depner v. Joseph Zukin Blouses*, 13 Cal.App.2d 124,127-128 (1936) ("Inasmuch as the wronged party in the instant case has not by a judicial adjudication or otherwise declared the agreement . . . void, we are of the opinion that the said agreement remains in full legal force and effect."). Here, however, no party to the assignment has asserted that it was void. And just labeling an assignment "void" does not make it so. *See Trinity Park, L.P. v. City of Sunnyvale,* 193 Cal.App.4th 1014, 1027 (2011) (a court does not assume the truth of conclusions of fact or law)).

Furthermore, the deed of trust is the property of the lender, not Plaintiffs. *See In re Halabi*, 184 F.3d 1335, 1337-38 (11th Cir. 1999) (explaining that an "assignment of the mortgagee's interest—whether recorded or not—does not change the nature of the interest of the mortgagor…"); *In re Cook*, 457 F.3d 561, 567 (6th Cir. 2006)) (bank's interest in the property did not belong to the mortgagors); *In re Ahmadi*, 467 B.R. 782, 791 (Bankr. M.D. Pa. 2012) ("The assignment of a mortgage … from one holder to another is not a transfer of property of the [borrower]."); *accord In re Doble,* 2011 WL 1465559, *10 (Bankr. S.D. Cal. Apr. 14, 2011). Under California law, except as otherwise provided by statute, "every action must be prosecuted in the name of the real party in interest." Code Civ. Proc. § 367; *see also Dino v. Pelavo*, 145 Cal.App.4th 347, 353 (2006). The "real party in interest" is the person or entity that owns title to the property and therefore has a right to sue under the substantive law, as opposed to others that may be interested or benefit from litigation. *Gantman*, 232 Cal.App.3d at 1566. Here, Plaintiffs have no such interest in the Assignment of the Deed of Trust.

In addition, under the terms of the deed of trust, the beneficiary was expressly free to assign it without advance notice to Plaintiffs. "Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 272 (2011). As in *Fontenot*, the

4

deed of trust here identified Plaintiffs as "Borrowers" and stated that "[t]he Note or a partial interest in the Note (together with this [Deed of Trust]) can be sold one or more times without prior notice to Borrower." Compl., ¶ 23, Exh. 7.  The Deed of Trust also provides that the entity to whom Plaintiffs must make payments may change:  "A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this [Deed of Trust] and performs other mortgage loan servicing obligations under the Note, this [Deed of Trust], and Applicable Law.  There might also be one or more changes of the Loan Servicer unrelated to a sale of the Note." *Id*.  Thus, Plaintiffs were put on notice both that the deed of trust could be assigned to another entity and that the party to whom Plaintiffs made their loan payments might change.

Were that not enough, assignments of deed of trust need not be recorded in California in order to be effective.  *Calvo v. HSBC Bank USA, N.A.*, 199 Cal.App.4th 118, 121-22 (2011) (assignments of deeds of trust need not be "recorded in order for the assignee to exercise the power of sale"); *Herrera v. Federal Nat. Mortg. Assn.*, 205 Cal.App.4th 1495, 1507 (2012) (holding that allegations with respect to a recorded assignment did not state a claim because the debt could have been assigned "in an unrecorded document not disclosed to plaintiffs").  Simply put, there is no requirement in California that assignments of deeds of trust must be recorded in the public record.  Thus, there was no need to immediately record any assignment of the subject loan to the Trust at the time of transfer.  Instead, as many courts have recognized, some servicers (although not required) nonetheless choose to memorialize prior transfers in the public records prior to proceeding with a nonjudicial foreclosure sale.  *See In re Macklin,* 495 B.R. 8, 26 (Bankr. E.D. Cal. 2013) ("It is not unusual for there not to be an assignment of the deed of trust every time a promissory note is transferred from buyer to subsequent buyer. Instead, only at the eleventh hour when the final buyer has to proceed with a nonjudicial foreclosure sale is an assignment of the deed of trust recorded.").

Thus, the fact that the assignment of the loan to the Trust was memorialized in the public records in 2017 does not have any bearing as to whether the loan was properly assigned to the Trust. Nor does this recorded assignment have any bearing on whether there were any purported violations of the PSA.  Plaintiffs do not allege any facts suggesting the contrary.

Similarly, Plaintiffs' PAC offers no facts that would suggest that Deutsche Bank Trustee is not in possession of the note. A "person in possession of a negotiable instrument that is payable … to bearer" is a "holder." Cal. Com. Code § 1201(21)(A). Importantly, a promissory note initially payable to a named individual becomes "payable to bearer" if the original payee indorses the note in blank. So indorsed, the note "may be negotiated by transfer of possession alone." Cal. Com. Code § 3205. Once a party has established it is a holder of a promissory note, i.e., in possession of the original note, its right to enforce the note derives solely from its status as a holder—no evidence of ownership is necessary. Cal. Com. Code § 3301 [the possessor of a bearer instrument may enforce it "even though the person is not the owner of the instrument"]; *Creative Ventures, LLC v. Jim Ward & Assocs.*, 195 Cal.App.4th 1430, 1447 (2011); *In re Pak*, 2011 WL 7145763 at *3 (9th Cir. BAP Dec. 14, 2011) ; *In re Aniel*, 427 B.R. 811, 816 (Bankr. N.D. Cal. 2010). Indeed, Plaintiffs' own exhibits show that the Note was endorsed in blank. Thus, Plaintiffs cannot state any facts to suggest that Deutsche Bank Trustee is not in possession of the Note.

Thus, given that Plaintiffs' PAC, in particular their first claim for fraud, second claim for wrongful foreclosure, third claim for quiet title, fourth claim for cancellation of instruments, fifth claim for negligent misrepresentation, and eighth claim for unfair business practices rests upon a theory continue to fail as a matter of law. Thus, the Court should deny Plaintiffs' motion, as amendment would be futile as to these causes of action.

### C. Plaintiffs' First and Sixth Claims for Fraud and Negligent Misrepresentations Remain Deficient.

The elements of a fraud claim under California law are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or 'scienter'); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996)*. The elements of a negligent misrepresentation cause of action are identical, except there is no requirement of intent to induce reliance. *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004), *as modified* (Dec. 30, 2004).

Like in the initial Complaint, the PAC's basis for the first claim for fraud and sixth claim for negligent misrepresentation continue to rest upon Plaintiffs' claims that the Loan was never properly

OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT
*Osburn v. OneWest Bank. et al.*, Case No. 1:18-cv-00310-LJO-SAB

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

assigned to the Trust. However, as noted above, Plaintiffs' claim fail as a matter of law, as Plaintiffs cannot challenge the assignment of their Loan. Further, Plaintiffs do not allege any facts suggesting any purported misrepresentation was done knowingly and with the intent to defraud, any justifiable reliance on their part, or resulting damages. Thus, Plaintiffs' proposed first and sixth claims continue to fail to state a claim against Defendants.

### D.   Plaintiffs' Second Claim for Wrongful Foreclosure Remains Deficient.

Again, like in the initial Complaint, Plaintiffs' proposed wrongful foreclosure claim remains deficient. As discussed in the Motion to Dismiss, to the extent that Plaintiffs' wrongful foreclosure claim is based upon their allegations that none of the Defendants have standing to foreclose, their wrongful foreclosure claim fails, as these theories fail as a matter of law. Further, to state a claim for wrongful foreclosure, Plaintiffs must allege "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Lona v. Citibank, N.A.*, 202 Cal.App.4th 89, 104, 134 (2011).

Again, Plaintiffs' proposed wrongful foreclosure claim is premature, as no foreclosure sale was alleged to have occurred. Furthermore, Plaintiffs' PAC does not allege that they tendered (or had the ability to tender) the amount of the secured indebtedness as required for a wrongful foreclosure claim. Indeed, given Plaintiffs' numerous bankruptcy filings and continued delinquency, Plaintiffs cannot, in good faith, allege facts that would support their ability to tender. Thus, their attempt to amend their wrongful foreclosure claim is futile.

### E.   Plaintiffs' Quiet Title Claim Remains Deficient.

Again, to state a claim for quiet title, a complaint must be verified and must include: (1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Code Civ. Proc. § 761.020. In addition, in order to quiet title in

plaintiff's name alone, a plaintiff must do equity by paying what he/she owes on any debt secured by the property. *Aguilar v. Bocci,* 39 Cal.App.3d 477-478 (1974).

Plaintiffs' PAC does not fix any of the deficiencies pointed out in the Motion to Dismiss. Again, Plaintiffs do not allege that they have tendered the entire amounts owed under the Loan. It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured. *Miller v. Provost*, 26 Cal.App.4th 1703, 1707 (1994); *accord Aguilar,* 39 Cal.App.3d at 477 (trustor is unable to quiet title without discharging his debt); *accord Hamilton v. Bank of Blue Valley*, 746 F.Supp.2d 1160, 1177 (E.D. Cal. Oct. 20, 2010). The tender rule is strictly applied in California. *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439 (2003); *see Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 580 (1984) (tender must be of the "full amount of the debt for which the property was security" and "unconditional to be valid"). Plaintiffs' PAC makes no factual allegations of tender. Nor can they, given their numerous bankruptcy filings.

Even if Plaintiffs did allege the good faith ability to tender in the PAC (which they did not), Plaintiffs' quiet title claims remain deficient as a matter of law. As noted above, Plaintiffs' entire complaint rests upon allegations that Defendants lack standing to initiate foreclosure proceedings based on their claims that the Loan was improperly securitized. These theories fail. Amendment is clearly futile.

F.   **Plaintiff's Fifth Claim for Cancellation of Instruments Fails.**

Like the rest of the PAC, Plaintiffs' cancellation of instruments remains deficient. Again, "[a] request to cancel [an instrument] is 'dependent upon a substantive basis for liability, [and has] no separate viability.'" *Yazdanpanah v. Sacramento Valley Mortgage Group*, 2009 WL 4573381, *6 (N.D. Cal. Dec. 1, 2009) (quoting *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal.App.4th 1018, 1023 n.3 (2000)). The PAC continues to seek cancelation of the recorded Assignment, Notice of Default, and Notice of Trustee's Sale. However, as discussed above, each claim asserted against Defendants that could form the basis for Plaintiffs' cancellation of instrument claim fails. The request for cancellation of instruments must also fail as a result. *See Bridgeman v. U.S.*, 2011 WL 221639, *17 (E.D. Cal. Jan. 21, 2011) ("[B]ecause … plaintiff's other claims for relief should be dismissed, plaintiff's claim for cancellation should be dismissed as well.").

Even if Plaintiffs had pled a cognizable cause of action against Defendants—and they have not—in order to plead a claim for cancellation of instrument pursuant to Cal. Civ. Code § 3412, Plaintiffs "must show that he will be injured or prejudiced if the instrument is not cancelled, and that such instrument is void or voidable." *Lazo v. Summit Management Co.*, 2014 WL 3362289 at *11 (E.D. Cal. July 9, 2014)(citations omitted). As discussed above, Plaintiffs' standing-based claims are without merit. Accordingly, Plaintiffs have not pled sufficient facts to demonstrate that the instruments are void or voidable.

Further, Plaintiffs have not alleged facts to support claims of prejudice. *Lazo*, 2014 WL 3362289 at *11 (citing *Dick v. Am. Home Mortg. Servicing, Inc.*, 2014 WL 172537 *7 (E.D. Cal. Jan. 15, 2014) (finding "plaintiffs cannot allege prejudice here because they cannot plausibly allege that the improper assignment affected their inability to pay their debt" and dismissing the cancellation of instruments claim with prejudice.) While Plaintiffs allege that they "may be required to pay it [the amounts owed on the Loan listed in the Notice of Default and/or the Notice of Trustee's Sale] or to defend a lawsuit based on it", Plaintiffs readily admit that they received the proceeds of the Loan, which have admittedly not been paid back. Plaintiffs do not allege that more than one entity concurrently attempted to (1) collect mortgage payments on the loan or (2) foreclose on the Property. Thus, even if the assignments of the debt were invalid (and no party to the alleged assignments suggests that they are), the only "victim" would be "the [assignor], which…. suffered the unauthorized loss of a [valuable] promissory note," not Plaintiffs. See *Herrera*, 205 Cal. App. 4th at 1508 (quoting *Fontenot*, 198 Cal. App. 4th at 272). For all of these reasons, Plaintiffs' PAC regarding the cancellation of instruments claim remains deficient.

### G. Plaintiffs' Sixth Claim for Breach of Contract Remains Deficient.

Again, Plaintiff's PAC regarding the breach of contract claim fails to state a claim against Defendants. To state a claim for breach of contract, a plaintiff must assert: (1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damage to the plaintiff. *Wall St. Network, Ltd. v. N.Y. Times Co.*, 164 Cal.App.4th 1171, 1178 (2008).

However, "it is elementary that one party to a contract cannot compel another to perform while he himself is in default." *Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1367-1368 (2010) (citation omitted).  Here, Plaintiffs stopped making payments on the Loan *prior* to January 2016.  *See* PAC, Exh. 12 p. 3 (noting "Installment of Principal and Interest plus impounds and/or advances which became due on 01/01/2016…").  Plaintiffs again allege that Ocwen breached the loan modification beginning in 2016, after they stopped making payments.  Thus, Plaintiffs cannot bring this claim for breach of contract, as they had failed to perform under its terms.  Thus, their PAC remains deficient and would still be subject to dismissal.

### H. Plaintiffs' Seventh Claim for TILA Violations Fails

Plaintiffs proposed claim against that Ocwen regarding the Truth in Lending Act ("TILA") again rests upon claims that Ocwen failed to provide them with monthly mortgage statements, refused to communicate with Plaintiffs, and denied their request to make monthly mortgage statements.

However, Plaintiffs cannot recover for any purported violations of TILA that occurred prior to March 2, 2017, as their claims have lapsed.  *See* 15 U.S.C. § 1640(e) (one-year statute of limitations from the date of the violation to bring a claim under 15 U.S.C. § 1638, and three-year statute of limitations from the date of the violation to bring a claim 15 U.S.C. § 1639).  Plaintiffs complain of TILA violations that purportedly began January 1, 2017.  Yet, Plaintiffs did not file this Complaint until March 3, 2018, over two years after the initial TILA violations.  Thus, Plaintiffs' claim remain at least partially time barred.

Furthermore, Plaintiffs' proposed allegations fail to support a claim for damages.  15 U.S.C. § 1638(f)(1) reads as follows:

> The creditor, assignee, or servicer with respect to any residential mortgage loan shall transmit to the obligor, for each billing cycle, a statement setting forth each of the following items, to the extent applicable, in a conspicuous and prominent manner:
>
> (A) The amount of the principal obligation under the mortgage.
>
> (B) The current interest rate in effect for the loan.
>
> (C) The date on which the interest rate may next reset or adjust.

(D) The amount of any prepayment fee to be charged, if any.

(E) A description of any late payment fees.

(F) A telephone number and electronic mail address that may be used by the obligor to obtain information regarding the mortgage.

(G) The names, addresses, telephone numbers, and Internet addresses of counseling agencies or programs reasonably available to the consumer that have been certified or approved and made publicly available by the Secretary of Housing and Urban Development or a State housing finance authority (as defined in section 1441a-1 of Title 12).

(H) Such other information as the Board may prescribe in regulations.

Again, as discussed in the Motion to Dismiss, as an initial matter, any purported "refusal to communicate" and "denial [of] their request to make regular monthly mortgage payments" does not violate 15 U.S.C. § 1638 (f)(1).  Furthermore, to state a claim under Section 1638(f)(1), a plaintiff must plead "actual damage sustained by such person as a result of the failure."  15 U.S.C. § 1640(a)(1); *accord In re Ferrell*, 539 F.3d 1186, 1191 (9th Cir. 2008) (statutory damages under for TILA are only available for a "closed list of violations of § 1638(a)(2)").  Plaintiff fails plead facts showing actual damage as a result of the alleged violation.  While Plaintiffs attempt to claim damage by being unable to ascertain their current balance, Plaintiffs do not allege how knowing their current balance somehow led to the damage of Plaintiff Osburn's credit.  Thus, Plaintiffs' proposed TILA claim continues to fail to state a claim under Section 1638(f)(1).

**I.      Plaintiffs' Proposed Eighth Claim for Unfair Business Practices Fails**

Likewise, Plaintiff's proposed UCL claim remains deficient.  As discussed in the Motion to Dismiss, to state a claim under the California Business and Professions Code Section 17200 ("UCL"), a plaintiff must allege that a given defendant engaged in an "unlawful, unfair or fraudulent business act or practice" which caused the plaintiff to suffer "injury in fact" and "lost money or property."  *See* Bus. & Prof. Code § 17204; *Bernardo v. Planned Parenthood Fed. of America*, 115 Cal. App. 4th 322 (2004).  In doing so, "[a] plaintiff must state with reasonable particularity the facts

supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993).

Again, as an initial matter, Plaintiffs do not have standing to bring this claim. To have standing to pursue a claim under the UCL, a private plaintiff must allege that he or she "has suffered injury in fact and has lost money or property" as a result of the alleged business practices. Bus. & Prof. Code §17204; *see R&B Auto Ctr., Inc. v. Farmers Group, Inc.*, 140 Cal.App.4th 327, 360 (2006) (plaintiff must have suffered monetary or property loss to have standing under the UCL). First, the Property had not been sold at foreclosure sale. Furthermore, Plaintiffs cannot demonstrate any loss of money as a result of the supposedly unfair business practices, as they had been behind in their mortgage payments since 2015, prior to January 2016, the time of the acts they complain about. Thus, any payments they might have made were not the "result of" the supposed improper business practices, as Plaintiffs have made none.

Furthermore, it remains that it is Plaintiffs' own default and failure to make payments on the loan that is the cause of the foreclosure process. Plaintiffs' failure to make their monthly mortgage payments since prior to 2016, as opposed to Defendants' conduct, caused the pending foreclosure. *DeLeon v. Wells Fargo Bank, N.A.*, 2011 WL 311376, *7 (N.D. Cal. Jan. 28, 2011) (dismissing analogous claims because "the Court cannot reasonably infer that [defendant's] alleged misrepresentations resulted in the plaintiffs' home. Rather, the facts alleged suggest that plaintiffs lost their home because they became unable to keep up with monthly payments and lacked the financial resources to cure the default. … For this reason, plaintiffs lack standing to sue under the UCL, and the claim must be dismissed."); *Argueta v. J.P. Morgan Chase*, 2011 WL 2619060, *5 (E.D. Cal. June 30, 2011) (dismissing UCL claim because "plaintiff would still be faced with the possible loss of the property even if defendants had not engaged in the alleged conduct …"); *see also Jenkins v. JP Morgan Chase Bank*, 216 Cal.App.4th 497, 523 (2013) ("Jenkins's home was subject to nonjudicial foreclosure because of Jenkins's default on her loan, which occurred before Defendants' alleged wrongful acts, [and thus] Jenkins cannot assert the impending foreclosure of her home [i.e., her alleged economic injury] was caused by Defendants' wrongful actions."). Indeed, as Plaintiffs have not lost any money or property, they cannot satisfy the Article III standing necessary

to pursue this cause of action in federal court. *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1001-02 (9th Cir. 2001) ("[A] plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury."). Plaintiffs' PAC fails to address this deficiency.

Furthermore, even if Plaintiffs had standing, their UCL claim, as pled, is deficient, as they fail to allege any "unlawful, unfair or fraudulent business act or practice." To the extent their claim is brought under the "unlawful" prong of the UCL, it fails because it is derivative of their other failed legal claims. Plaintiffs' claim for relief also fails to properly allege the violation of any other law. *See Krantz v. BT Visual Images, LLC*, 89 Cal. App. 4th 164, 178 (2001) ("unlawful" prong requires underlying violation of law); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1190-91 (N.D. Cal. 2009) ("[S]ince the Court has dismissed all of the Plaintiff's predicate violations, Plaintiff cannot state a claim under the unlawful business practice prong of the UCL.").

And to whatever extent Plaintiffs attempt to bring claims under the UCL's "unfair" or "fraudulent" prong, their UCL claim again fails. An "unfair" practice must be "tethered" to specific "constitutional, statutory, or regulatory provisions." *Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917, 940 (2003). Here, as above, Plaintiffs claims rest upon allegations that none of the Defendants have standing to foreclose. Again, Plaintiffs' claims lack merit. Because Plaintiffs fail to plead, with particularity, that Defendants engaged in such "unfair" practices, they fail to state a claim under the "unfair" prong. *See Khoury,* 14 Cal.App.4th at 619 (UCL claims must be pled with particularity); *Simila v. American Sterling Bank*, 2010 WL 3988171, *6 (S.D. Cal. Oct. 12, 2010) (dismissing UCL claim because "Plaintiffs have not sufficiently 'tethered' their allegations of unfair competition to any underlying law").

Further, "to state a claim under the UCL based on fraudulent conduct, a plaintiff must allege, with particularity, facts sufficient to establish that the public would likely be deceived by Defendants' conduct." *Perez v. Wells Fargo Bank, N.A.*, 2011 WL 3809808, *16 (N.D. Cal. Aug, 29, 2011). Again, the crux of Plaintiffs' complaint rests upon their claims that Defendants were never properly assigned beneficial interest in the Loan, and thus lack standing to foreclose. However, as noted above, Plaintiffs' premise fails. Thus, Plaintiffs fail to state a claim under the

13

"fraudulent" prong. *See id.* at *16 (dismissing UCL claim explaining that "Plaintiffs have not met this standard because they have not identified specific deceptive statements or omissions … or alleged facts showing why those specific statements or omissions would be likely to deceive the public."); *Altman v. PNC Mortg.*, 850 F.Supp.2d 1057, 1078-79 (E.D. Cal., 2012) (dismissing UCL claim because "[t]he complaint … lacks … facts to describe how consumers were deceived"); *Khoury*, 14 Cal.App.4th at 619 (UCL claim lacked requisite particularity where plaintiff did not explain the manner by which the defendant allegedly mislead the plaintiff's customers).

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave to File an Amended Complaint, as Plaintiffs' proposed amended complaint continues to fail to state a claim against Defendants and amendment would be futile.

Dated:  June 13, 2018                     Respectfully submitted,

LOCKE LORD LLP

By:   */s/ Meagan S. Tom*

Regina J. McClendon

Meagan S. Tom

Attorneys for Defendants Ocwen Loan Servicing, LLC; Deutsche Bank National Trust Company, as Trustee for IndyMac Indx 2006-AR11; Western Progressive Trustee, LLC dba Western Progressive LLC; and Mortgage Electronic Registration Systems, Inc.